## LAND v. PRUDHOMME OIL CO., Inc.
### Civil Action No. 770.

District Court, W. D. Louisiana,
Opelousas Division.

Feb. 23, 1944.

J. H. Jackson, of Shreveport, La., and Lessley P. Gardiner, of Opelousas, La., for plaintiff.

James L. Helm, of New Iberia, La., for defendant.

PORTERIE, District Judge.

The petition of plaintiff is entirely predicated upon a judgment of this court in the case of John R. Land, Jr., v. Acadian Production Corporation of Louisiana, proceedings No. 648 on the docket of this court. When the petition was filed in the instant case, the above-named case was on appeal. The defendant filed a motion to dismiss in the instant case (the grounds are immaterial), then filed a third-party complaint (substance of, and parties in, this complaint are immaterial). Then the judgment of this court (having been granted on a motion for summary judgment) was canceled—as the case was reversed and was sent back to be tried on its merits. Acadian Production Corporation of Louisiana v. Land, 5 Cir., 136 F.2d 1.

A second motion to dismiss (the subject of this opinion), based on the ground that there is now no claim upon which relief can be granted, was filed in the instant case, after the reversal by the Circuit Court of the Acadian Production case.

■ We do not think movant is precluded by his first motion to dismiss. See Federal Rules of Civil Procedure, rule 12(a, b), (h) (1), 28 U.S.C.A. following section 723c. A motion to dismiss because of failure to state a claim upon which relief can be granted is always timely, even just before trial. See Moore's Federal Practice, Vol. 1, p. 662, Section 12, Waiver of Defenses; also Cumulative Supplement, p. 654, Section 12. "It should be stated at the outset that it is in keeping with the spirit of the new Federal Rules to interpret them liberally, just so long as the confines of the Rules themselves are not transgressed. See Rule 1, Federal Rules of Civil Procedure." Phillips v. Baker, 9 Cir., 121 F.2d 752, 754.

■ "On motion to dismiss a complaint under federal rule, allegations of complaint are deemed admitted for purpose of the motion, and if allegations by themselves constitute a cause of action, motion must be denied. Federal Rules of Civil Procedure, rule 12(b), 28 U.S.C.A. following section 723c." Kuhn v. Pacific Mutual Life Ins. Co. of California, D.C., 37 F. Supp. 102.

■ Is there anything left of the petition of plaintiff once you take the judgment (now reversed) in the Acadian Production case out of it?

There can be nothing left in the petition to discuss until Article Four of the petition is reached, reading as follows:

"The interest of petitioner in said lease and the oil, gas and minerals under the lands affected thereby became fixed and vested in complainant on December 15, 1941, under the terms and provisions of two separate contracts theretofore entered

378

into between complainant and the owner of an undivided interest in said mineral lease, *all as more fully appears by reference to the proceedings hereinabove mentioned in which said judgment was rendered.*" (Italics ours.)

The emphasized language nullifies the Article; the judgment being reversed, the proceedings leading to the judgment are meaningless.

Articles Five, Six, and Seven are declarative as to the time the defendant has allegedly taken, removed and appropriated the oil, to-wit, December 15, 1941, but the three Articles are without substance and are lifeless, because Article Four from which they entirely derive is dead. We are conscientiously satisfied, from the language used, from the sequence of the Articles, and from the chronology of the pleadings, that the drafter of the petition in this suit had no thought of establishing a claim without the use, as a foundation, of the judgment in the Acadian Production case. And, also, we do not believe a claim has been made accidentally; and this last conclusion would be made even though the petition had a prayer for general and equitable relief.

The motion to dismiss must be sustained. Judgment will be signed accordingly upon presentation.