**UNITED STATES v. UNITED STATES CARTRIDGE CO.**

No. 2486.

District Court, E. D. Missouri, E. D.

Dec. 19, 1946.

John F. Sonnett, Ass't. Atty. Gen., Harry C. Blanton, U. S. Atty., of Sikeston, Mo., S. Russell Vandivort, Ass't. U. S. Atty., of St. Louis, Mo. (Joseph M. Friedman, Chief, War Frauds Civil Section, George W. Meuth, and J. Gregory Bruce, Department of Justice, all of Washington, D. C., of counsel), for plaintiff.

Bryan, Cave, McPheeters & McRoberts, Rhodes E. Cave, Henry Davis, and Robert H. McRoberts, all of St. Louis, Mo., for defendant.

HULEN, District Judge.

This action is based on a charge of fraud against the defendant. Plaintiff filed the original complaint on December 21, 1943. After an order sustaining defendant's motion for a more definite statement filed March 11, 1944, as well as staying proceedings at the request of plaintiff, an amended complaint was filed February 9, 1945. Defendant filed its answer to the amended complaint August 1, 1945, after ruling on motions leveled at the amended complaint. The amended complaint was further amended by a pleading filed September 30, 1946. On October 17, 1946, the defendant filed interrogatories "pursuant to Rule 33", Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and on the same day defendant filed a motion for a more definite statement of the amended complaint "as amended". The Government filed objections to the interrogatories. The latter two motions are now before the Court for ruling. We will first consider the objection of the plaintiff to the interrogatories filed by the defendant.

I. The interrogatories filed by the defendant are sixty-six in number. Plaintiff's sole objection is that they were filed "without leave of court," prior to the filing of answer. This objection is based on Rule 26(a) of Federal Rules of Civil Procedure. The interrogatories state they are filed "pursuant to Rule 33" of Federal Rules of Civil Procedure.

Rule 33 does not state any time requirements for serving written interrogatories. A number of district courts have ruled that the time is the same as stated in Rule 26.[1] Rule 26 provides that leave must be obtained if interrogatories are filed prior to answer. We regret our inability to agree with those decisions which hold that the limitation on filing interrogatories under Rule 33 is that contained in Rule 26. As we construe the Rules, Rule 26 and Rule 33 relate to entirely different subjects and procedure.

Rule 26 governs the taking of depositions. It provides that depositions may be taken "upon oral examination or *written interrogatories.*" Rules 26 to 31 particularize how depositions shall be taken, whether the method be by "oral examination or written interrogatories." Rule 31 specifies exact procedure for taking depositions by interrogatories, provision being made for cross-interrogatories, how the interrogatories shall be served and "delivered by the party taking the deposition to the officer designated in the notice"; and for the filing of the interrogatories with the responses. Rule 26 provides for the taking of the deposition by oral examination or written in-

[1] United States v. American Solvents & Chemical Corp. of California, D.C. Del.1939, 30 F.Supp. 107; Sheldon v. Great Lakes Transit Corp., D.C.,W.D. N.Y.1942, 2 F.R.D. 272; Musher Foundation, Inc., v. Alba Trading Co., D.C.,S.D. N.Y.1941, 42 F.Supp. 281.

terrogatories "of any person, whether a party or not."

Rule 33 is complete in itself. It provides for interrogatories only to an "adverse party." Interrogatories under Rule 33 are only answered by the adverse party, or in case of a corporation "by any officer thereof competent to testify." No provision is made for cross-interrogatories for the simple reason that Rule 33 has nothing to do with taking depositions by interrogatories. The question presented by the motion is, shall the Court read into Rule 33 a limitation as to time, as found in Rule 26, when no such provision is to be found in Rule 33? This Court has no authority to amend the Rule. Nor do we think such an amendment or construction is called for to the end that the intent of the Rules shall prevail.

The present case has been pending since 1943. Defendant filed an answer to one pleading. We know of no reason why interrogatories should be stayed until answer has been filed to plaintiff's third pleading, and plaintiff has not attempted to give any other than the wording of Rule 26.

■ An examination of the interrogatories plainly shows they are not of a character to be the subject of depositions, but call for information which only the plaintiff, as such, is prepared to give. For illustration, Interrogatory No. 1 reads as follows:

. "State whether or not Exhibit A hereto attached constitutes a true and correct copy of those provisions of the contract designated W–ORD–491, referred to in paragraph numbered (3) of the Amended Complaint."

Counsel for the plaintiff is probably in the best position to advise the party who will answer the interrogatories as to the answer to Interrogatory No. 1, but it would be very difficult for the defendant to select a witness who could give this information, and we think this illustrates one reason for the existence of Rule 33, in addition to the Rules pertaining to depositions by interrogatories.

■ The Federal Rules of Civil Procedure should be given a liberal construction and not a strict one; also one that will promote the speedy disposition of causes. To delay serving of interrogatories until answer does not promote speed in disposition of the cause.[2]

To read into Rule 33 a restriction on time that the makers of the Rule did not see fit to place there would, in this Court's opinion, be giving a strict construction to the Rules, and this policy we are loath to inaugurate absent a showing that such is necessary to promote the ends of justice.

■ ■ II. We have read the amendment to the amended complaint filed by the plaintiff in the light of defendant's motion for a more definite statement. Rule 9(b), Federal Rules of Civil Procedure, requires "the circumstances constituting fraud or mistake shall be stated with particularity." We think the amendment to the amended complaint comes within the Rule. It is not always easy to tell when a pleading meets the requirement of the Rule and when it does not, and the pleading in this case presents that problem. We are moved to deny the defendant's motion on the basis of the matters which the motion seeks to have included in the amendment, to make it more definite and certain, because in our opinion the allegations which the defendant seeks fall within the realm of evidence rather than ultimate facts called for in a pleading. That the defendant is not without knowledge of his remedy to learn the facts he seeks is evidenced by the interrogatories

---

[2] See Unlandherm v. Park Contracting Corporation, D.C.,S.D.N.Y.1928, 26 F. Supp. 743, loc. cit. 745, holding

"These rules were adopted with a view to simplifying the issues. To keep in step with the purpose and spirit underlying the adoption of these rules, it is better that liberality rather than restriction of interpretation be the guiding rule."

Also see Land v. Prudhomme Oil Co., D.C.,W.D.La.1944, 3 F.R.D. 377; Schram v. O'Connor, D.C.,E.D.Mich.1941, 2 F.R. D. 192; and Thompson v. Oil Refineries, D.C.,W.D.La.1939, 27 F.Supp. 123.

Rule 1, on Scope of Rules, reads:

"These rules govern the procedure in the district courts of the United States in all suits of a civil nature whether cognizable as cases at law or in equity. * * * They shall be construed to secure the just, speedy, and inexpensive determination of every action."

referred to in division I of this memorandum. We think it the better practice to secure such detailed facts by interrogatories or deposition rather than to require them in the pleading and that such is the intent of the Federal Rules of Civil Procedure.

█ There is one item, however, about which defendant complains and we believe for good cause. The amendment to the amended complaint contains the following allegation with reference to damage:

"(9) By reason of the foregoing the plaintiff has suffered damages in an amount equal to the aggregate sum paid to the defendant on account of the acceptance of the aforementioned contaminated lots of ammunition; *and has been further damaged because of substantially increased costs of operating the said plant which were reimbursable to the defendant, and other additional expenses incurred resulting from the aforesaid fraudulent schemes and subterfuges of the defendant.*

"(10) By reason of the premises the defendant becomes and is liable to forfeit and pay to the United States the sum of $2,000 for each of the acts and transactions hereinabove described which may be found by this Court to constitute a violation of Sections 3490 and 5438 of the Revised Statutes of the United States, and, in addition, double the amount of the damages which the Court finds the United States has sustained by reason of the doing or committing of such acts.

"Wherefore, plaintiff demands judgment against the defendant for the sum of $2,000 for each of the acts and transactions found by this Court to constitute a violation of Sections 3490 and 5438 of the Revised Statutes of the United States, and, in addition, double the amount of damages which the Court finds the United States has sustained by reason of such false, fraudulent, and fictitious claims, together with interest and costs of this action." (Emphasis added)

· We construe the underscored portion of Paragraph (9) of the amendment to the complaint as a reference to special damages. We can conceive of no other use to be served by the language "further dam-

ages because of substantially increased costs of operating the said plant which were reimbursable to the defendant, and other additional expenses incurred resulting from the aforesaid fraudulent schemes * * *."
Rule 9(g), Federal Rules of Civil Procedure, provides:

"When items of special damage are claimed, they shall be specifically stated".

We do not think the part of the pleading referred to meets this Rule.

### Order

Objections to interrogatories filed by the plaintiff, United States of America, are overruled.

Motion for more definite statement filed by the defendant is overruled except as to Paragraph (9) of the amendment to the amended complaint, and as to this portion of plaintiff's pleading Rule 9(g), Federal Rules of Civil Procedure, should be complied with in that plaintiff's pleading should specifically state the special damages claimed.