**Henry E. ALBACHTEN and Rita C. Albachten, Petitioners,**

v.

**Paul H. CORBETT, Special Agent, Internal Revenue Service, Respondent.**

No. 1150.

United States District Court
S. D. California,
Central Division.

Oct. 21, 1957.

Baird & Holley, Los Angeles, Cal., for petitioners.

Laughlin E. Waters, U. S. Atty., Edw. R. McHale, Asst. U. S. Atty. and Robert H. Wyshak, Asst. U. S. Atty., Los Angeles, Cal., for respondent.

BYRNE, District Judge.

The Albachtens filed a complaint (which they denominated a "petition") seeking to quash summonses directed to certain persons other than themselves.

Corbett filed an answer and then moved to dismiss upon the ground that the complaint failed to state a claim upon which relief can be granted.

■■ A summons is a process notifying the person to whom it is directed that he must appear on the day designated therein and thereupon make answer to claims or give testimony or produce certain books, papers or other data. It is personal to the person to whom it is directed and strangers have no standing either to substitute themselves for the person to whom it is directed, or to quash it.

■ The particular summonses which the Albachtens seek to quash were issued pursuant to Section 7602 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7602, and were directed to Arlow C. McIntyre and Bay Cities Escrow Company, a corporation. McIntyre and the corporation were directed to appear before an officer of the Internal Revenue Service to give testimony relating to the tax liability of the Albachtens and to produce certain books and papers in their possession relating to the business transactions of the Albachtens.

The summonses do not require anything of the Albachtens and the Albachtens do not have any standing to quash them.

Directing attention to Rule 12(b), F.R.Civ.P. 28 U.S.C.A. and the provision, "A motion making any of these defenses shall be made before pleading if a further pleading is permitted", the Albachtens contend that the motion to dismiss must be denied because Corbett's answer was filed before the motion to dismiss.

■■ A court would be warranted in denying a motion to dismiss when not interposed before answer, but that is not to say the court in its discretion may not consider the motion. Gaynor v. Metals Reserve Co., 8 Cir., 166 F.2d 1011; Watts-Wagner Co., Inc., v. General Motors Co., D.C., 64 F.Supp. 506; Equitable Life Assurance Soc. of U. S. v. Saftlas, D.C., 35 F.Supp. 62; Goodman v. United States, D.C., 28 F.Supp. 497. The defense of failure to state a claim may be raised at any time before trial, Land v. Prudhomme Oil Co., D.C., 3 F.R.D. 377; or at the trial, Ginsburg v. Standard Oil Co., D.C., 5 F.R.D. 48; or at any time, McLaughlin v. Curtis Pub. Co., D.C., 5 F.R.D. 87. See also Moore's Federal Practice, Vol. 2, page 2234.

■ In addition to his motion to dismiss, the defendant has requested permission to amend his answer to set up the defense that the complaint fails to state a claim upon which relief can be granted. Such procedure would be quite proper in the ordinary action, but would serve no useful purpose in the instant case. It would be a waste of time to set this case for trial on that issue when it can be disposed of at this time. There is no possible way to amend the complaint and afford the relief which the plaintiffs seek, viz. to quash summonses directed to persons other than themselves.

The motion to dismiss is granted.