**I. OLIVER ENGEBRETSON, INC., Plaintiff,**

v.

**ARUBA PALM BEACH HOTEL & CASINO, Aruven, N.V. and Muzii & Associates, Inc., Defendants.**

No. 83 Civ. 1552 (SWK).

United States District Court, S.D. New York.

Jan. 4, 1984.

Lieberman, Rudolph & Nowak by David A. Kalow, L. Michael Rudolph, New York City, for plaintiff.

Howard, Darby & Levin by Philip K. Howard, New York City, for defendants Aruba Palm Beach Hotel and Casino and Aruven, N.V.

Diamond & Golomb, P.C. by Irving L. Golomb, New York City, for defendant Muzii & Associates, Inc.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

The above-captioned case came before this Court upon the motions of defendant Muzii & Associates, Inc. ("Muzii"), to dismiss for want of *in personam* jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, and for leave to amend its answer to assert same as an affirmative defense. For the reasons stated below, defendant's motions are denied.

## BACKGROUND

Defendant Muzii was served with the summons and complaint herein on March 17, 1983. Muzii did not make any Rule 12 motions prior to filing its answer to that complaint on June 8, 1983. Muzii's answer did not raise the defense of lack of personal jurisdiction.

On July 18, 1983, Muzii moved for a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, seeking to have a deposition noticed to take place in New York held in Florida instead, because of Muzii's limited contact with New York. Plaintiff agreed to conduct the deposition in Florida; therefore, the motion was withdrawn.

On July 26, 1983, Muzii brought its motion for dismissal pursuant to Rule 12(b)(2), and, on September 2, 1983, Muzii brought its motion to amend its answer. These two motions are the subject of this decision.

## DISCUSSION

The language of the applicable Federal Rules of Civil Procedure is quite clear. Rule 12(b) provides, in relevant part, as follows:

Every defense, in law or fact, to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto ... except that the following defenses may at the option of the pleader be made by motion: ... (2) lack of jurisdiction over the person.... A motion making any of these defenses *shall* be made before pleading

(emphasis added). Rule 12(g) provides, in relevant part, as follows:

A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted....

Finally, Rule 12(h)(1) provides as follows:

A defense of lack of jurisdiction over the person ... is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.

■ Muzii did not make a motion to assert its personal jurisdiction defense before pleading as required by Rule 12(b). Moreover, Muzii did not include its personal jurisdiction defense in its answer, or in an amendment thereto made as of right (i.e., within twenty days of serving the original

answer). Thus, Muzii waived its defense of lack of personal jurisdiction. Fed.R.Civ.P. 12(h)(1); *see also Oppel v. Empire Mutual Ins. Co.,* 92 F.R.D. 494 (S.D.N.Y.1981).

 Muzii argues that its Rule 26(c) motion sufficed to put this Court, and plaintiff, on notice of the alleged jurisdictional defect. The Court finds this argument wholly without merit. In the first instance, Muzii's Rule 26(c) motion would have been too late to raise the jurisdictional defect, because it, too, came later than twenty days after service of Muzii's answer. Moreover, Muzii did not move to dismiss at the same time as it moved under Rule 26(c) in spite of the fact that all the relevant facts and arguments were known to Muzii at that time, and were being employed to seek a protective order. Under these circumstances, even if Muzii's Rule 26(c) motion had been made within the appropriate time-frame for a Rule 12(b)(2) motion, this Court would find that Muzii's omission of its 12(b)(2) arguments from that motion effectively waived them under Rule 12(g) and Rule 12(h)(1)(A). *See Sangdahl v. Litton,* 69 F.R.D. 641 (S.D.N.Y.1976) (Weinfeld, J.) (motion to dismiss waived when motion to transfer pursuant to 28 U.S.C. § 1404(a) made first raising same basic facts and arguments).

 Finally, Muzii seeks to escape the consequences of its failed pleading by obtaining leave to amend its answer to raise this defense. Given the clear language of Rule 12(h)(1) limiting the use of amended pleadings to raise this defense for the first time to those amendments made as of right, this Court does not have the authority to grant Muzii's request. Fed.R.Civ.P. 12(h)(1); *see also,* Fed.R.Civ.P. 12(h) advisory committee note on 1966 amendments ("[a personal jurisdiction defense] should not be delayed and brought up for the first time by means of an application to the Court to amend the responsive pleading"); 5 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1391 at 855 (1969) ("The court no longer has the authority to grant leave to amend in order to add one of these ... defenses"); *cf. Raskin v. Compania de*

*Vapores Realma, S.P.,* 521 F.Supp. 337 at 338 n. 2 (S.D.N.Y.1981) (discussing denial of leave to amend because waived).

 Furthermore, even if this Court has the authority to grant Muzii's request, this Court finds that it would be an abuse of its discretion to do so and declines to exercise its discretion on this ground as well. *See, Konigsberg v. Shute,* 435 F.2d 551, 552 (3d Cir.1970); *Copulsky v. Boruchow,* 545 F.Supp. 126 (E.D.N.Y.1982).

 Muzii further asks the Court to exercise its discretion in dismissing this action as against it on the grounds of *forum non conveniens.* Muzii has not even begun to make a showing that this case calls for such action. *See Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947).

In sum, this Court finds that Muzii has waived its defense of lack of jurisdiction and that this Court either is without authority or in its discretion refuses to help Muzii resuscitate its lost defense. Muzii's motion for dismissal under Rule 12(b)(2) is DENIED; Muzii's motion for leave to amend is DENIED; and Muzii's motion for dismissal on *forum non conveniens* grounds is DENIED without prejudice.

SO ORDERED.