Rosann C. **SCHEETZ** and Kenneth L. Scheetz, Jr.

v.

The **MORNING CALL, INC.,** Terry L. Mutchler, and John Doe and/or Jane Doe.

**Civ. A. No. 89–6755.**

United States District Court, E.D. Pennsylvania.

Feb. 27, 1990.

James T. Huber, Allentown, Pa., for plaintiffs.

Malcolm J. Gross, Gross, McGinley, La-Barre & Eaton, Allentown, Pa., for defendants The Morning Call, Inc. and Mutchler.

## MEMORANDUM

CAHN, District Judge.

The plaintiffs, Rosann and Kenneth Scheetz, have sued The Morning Call, Inc. (hereinafter "Morning Call"), Terry L. Mutchler, and at least one fictitious defendant for violations of 42 U.S.C. § 1983 and the Pennsylvania Constitution and for the common-law tort of invasion of privacy. Defendants Morning Call and Mutchler have moved to dismiss the fictitious defendant(s) and to dismiss the rest of the action for lack of subject matter jurisdiction. These motions are denied.

## I. FACTUAL BACKGROUND

For the purposes of these motions, the following facts pled in the complaint are taken as true. Kenneth Scheetz, a police officer employed by the City of Allentown, was named officer of the year. Complaint, ¶¶ 9 & 19 & Exh. A. On or before May 25, 1989, defendant Doe obtained a confidential police investigative report that examined Kenneth Scheetz' alleged assault of his wife, Rosann Scheetz. Complaint, ¶ 10 & Exh. A. On or before May 25, 1989, Mutchler, a reporter for *The Morning Call*, an Allentown daily newspaper, conspired with Doe to obtain this report. Complaint, ¶ 11. Mutchler then met with the Chief and Assistant Chief of Police for Allentown, when she was told that the report was confidential and that it had been sto-

len. Complaint, ¶ 13. Mutchler thereafter met with her superiors at *The Morning Call*. Complaint, ¶ 14. At this meeting they conspired to disclose the contents of the report by causing a news article to be written and published. Complaint, ¶¶ 14–15. Mutchler wrote articles published by *The Morning Call* on May 25 and May 26, 1989, which disseminated the contents of the report. Complaint, ¶ 16 & Exhs. A & B.

The Scheetzes have sued Morning Call[1] for violating 42 U.S.C. § 1983 by conspiring to violate the Scheetzes' federal constitutional rights to privacy, expression, speech, association, and due process as protected by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. Complaint, ¶¶ 20–24. They have also sued Morning Call for violations of the Pennsylvania Constitution and for invading their privacy. Complaint, ¶¶ 25–37. The Scheetzes have sued Mutchler under the same federal and state grounds. Complaint, ¶¶ 38–55. Finally, they have sued Doe on identical grounds. Complaint, ¶¶ 56–73.

Defendants Mutchler and Morning Call answered the complaint on October 20, 1989. They have since moved to dismiss Doe from the action because Federal Rule of Civil Procedure 10(a) does not contemplate the use of fictitious defendants. They then argue that the remaining federal claims must be dismissed because private action cannot supply the basis for a § 1983 claim, and Doe is the only defendant who could prove to be a state actor. The state law claims would therefore be denied, because the parties are non-diverse, and this court would accordingly lack jurisdiction.

The movants are correct in their final proposition. Were the federal claims to drop out, this court would lose its jurisdiction under 28 U.S.C. §§ 1331 & 1343. The pendent state claims would therefore be dismissed under Rule 12(b)(1). *United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966);

1. The publisher of *The Morning Call.*

*Tully v. Mott Supermarkets, Inc.*, 540 F.2d 187, 195–96 (3d Cir.1976). The other two propositions are incorrect, though; moreover, because the defendants filed their motion to dismiss *after* their answer, I can deny it out of hand. I address these points below.

## II. THRESHOLD DIFFICULTIES

■ At the outset, the plaintiffs argue that this court should deny the defendants' motions because they were filed after the answer. Federal Rule of Civil Procedure 12(b) states that "[e]very defense ... to a claim for relief in any pleading ... shall be asserted in the responsive pleading thereto.... A motion making any of [the named Rule 12(b) defenses] shall be made before pleading if a further pleading is permitted." Accordingly, they maintain, the motion to dismiss Doe must be denied because it was not preserved in the answer and because it is not one of the types of defenses listed under Rule 12(b). In addition, they argue that a motion to dismiss is not one of the authorized forms of motions to be filed after an answer.

The plaintiffs correctly observe that the objection to the fictitious party appears nowhere in the answer. Although this court has located no cases directly on point, many courts have held that defenses not preserved in the answer or made unwaivable by Rule 12(h) are waived. *Orange Theatre Corp. v. Rayherstz Amusement Corp.*, 139 F.2d 871, 874 (3d Cir.1944) (en banc) (Maris, J.); *see also, e.g., Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 768 (2d Cir.1983); *I. Oliver Engebretson Inc. v. Aruba Palm Beach Hotel & Casino*, 575 F.Supp. 1262, 1263–64 (S.D.N.Y.1984); *Albachten v. Corbett*, 156 F.Supp. 863, 864 (S.D.Cal.1957). That is certainly the literal reading of the Rule. However, it would be uneconomical to continue an action when later motions raising essentially the same objections would be permissible. Courts

have thus interpreted this Rule to permit the court, in its discretion, to reach such motions on the merits. *See, e.g., Beacon Enters., Inc.*, 715 F.2d at 768; *Albachten*, 156 F.Supp. at 864. *Cf. Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 n. 1 (6th Cir.1988) (though 12(b)(6) motion filed after answer impermissible, court will treat it as 12(c) motion). I shall therefore treat the motion to dismiss Doe as a motion for judgment on the pleadings, which thus encompasses the 12(b)(6) motion as well.[2]

## III. MOTION TO DISMISS DOE

■ The tangible defendants maintain that the Federal Rules of Civil Procedure make no allowance for Doe defendants. Since Rule 10(a) requires that a pleading set forth, among other things, the names of all the parties, and since John Doe or Jane Doe are presumably not the names of the suppliers of the police investigative report, the complaint is, they argue, infirm and thus the Doe defendant(s) must be dismissed.

It is true that fictitious parties go unmentioned in the Federal Rules of Civil Procedure. However, Does and their evanescent relations appear prominently in the reporters. *See, e.g., Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). While the reason for the false name in *Roe*—privacy—does not apply here, the reason in *Bivens*—inability to identify real people—does. Contrary to the defendants' assertions, Doe defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed. *See, e.g., Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 31–32 (3d Cir.1985); *Varlack v. SWC Caribbean, Inc.*, 550 F.2d 171, 174–75 (3d Cir. 1977); *Bufalino v. Michigan Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir.1968); *Fludd*

---

**2.** In light of the disposition of the motions, I need not address the standing argument raised by the plaintiffs.

*v. United States Secret Service,* 102 F.R.D. 803, 805 (D.D.C.1984); *Lowenstein v. Rooney,* 401 F.Supp. 952, 960 (E.D.N.Y.1975); *Phillip v. Sam Finley, Inc.,* 270 F.Supp. 292, 294 (E.D.Va.1967).[3]

■ The defendants note, rightly, that Doe defendants are unserved and that there may be due process problems should the litigation proceed in their absence. This would be relevant if judgment were to issue against them, or even if findings of fact or law that might prejudice them were made before they had a chance to participate. Such is not the problem here. Fictitious parties must eventually be dismissed, if discovery yields no identities. *See, e.g., Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980); *Saffron v. Wilson,* 70 F.R.D. 51, 56 (D.D.C.1975). However, no action taken here prejudices them. Should their names be substituted later, and should they be able to demonstrate prejudice, this court shall entertain an appropriate motion.[4] Until or unless that happens, though, or unless reasonable discovery fails to produce the real names of the Doe or Does, I shall let the Does remain in this action.[5]

**IV. MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

■ Here the defendants argue that § 1983 requires that the putative violator act under color of state law. Private action would hence not suffice to warrant a § 1983 suit. Since Doe was the only defendant alleged to act under color of state law, and since, they maintain, Doe should be dismissed from this action, the remaining defendants should be dismissed on the federal counts. This would require that the pendent state counts be dismissed as well.

Since the Doe defendant may remain in this action, at least for the moment, the predicate for the other dismissals is absent. The motion to dismiss Mutchler and Morning Call for lack of subject matter jurisdiction shall therefore be denied.[6]

**V. CONCLUSION**

The motions to dismiss the Doe defendant(s) and to dismiss the named defendants for lack of subject matter jurisdiction shall therefore be denied. The named defendants shall, however, have leave to re-

---

**3.** Even the Ninth Circuit Court of Appeals, on whose decisions the defendants place great weight, allows Doe defendants where the plaintiff will not know the names of all the defendants before filing the complaint. In such cases, the plaintiffs may be allowed to identify the unknown defendants through discovery. *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980).

**4.** This court notes that most cases discussing statutes of limitation as affected by these substitutions hold that, unless there is relation back as defined under Rule 15(c), the statute of limitations is not tolled by the filing of the initial complaint. *See, e.g., Varlack,* 550 F.2d at 174–75; *Bufalino,* 404 F.2d at 1028; *Phillip,* 270 F.Supp. at 294. Doe's rights would thus not be impaired.

**5.** I thus respectfully disagree with two of my colleagues, who have held that Doe defendants are improper. *Agresta v. City of Philadelphia,* 694 F.Supp. 117, 119 & n. 1 (E.D.Pa.1988) (Van Antwerpen, J.); *Breslin v. City and County of Philadelphia,* 92 F.R.D. 764, 765 (E.D.Pa.1981) (Giles, J.). First, our Court of Appeals has allowed the substitution of real for fictitious parties. *Abels,* 770 F.2d at 31–32; *Varlack,* 550

F.2d at 174–75. Second, the main authority on which they rely—older Ninth Circuit cases (e.g., *Fifty Assocs. v. Prudential Ins. Co. of Am.,* 446 F.2d 1187, 1191 (9th Cir.1970); *Tolefree v. Ritz,* 382 F.2d 566, 567 (9th Cir.1967) (per curiam))— has been modified to permit substitution after reasonable discovery. *Gillespie,* 629 F.2d at 642. Third, their concerns that due process might be violated, and that the Rules do not mention fictitious parties, pose no real problems at this juncture, as discussed above.

**6.** Even were this not so, the motions would be denied. Mutchler and Morning Call were alleged to have *conspired* with Doe to violate the Scheetzs' constitutional rights. Conspiracies between public officials and private persons to violate federally-created rights under color of state law are violations of § 1983. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150–52, 90 S.Ct. 1598, 1604–06, 26 L.Ed.2d 142 (1970); *Labov v. Lalley,* 809 F.2d 220, 222–23 (3d Cir.1987); *Hampton v. Hanrahan,* 600 F.2d 600, 620–21 (7th Cir.1979). Paragraph seven of the complaint alleges that Doe is a state actor. As noted above, if no chain of identified conspirators ultimately yields a state actor, dismissal may be appropriate. But that would be an inappropriate step until reasonable discovery has occurred.

**38**

new their motions should discovery fail to identify the Doe.