James **KENNINGTON**, Plaintiff,

v.

Officer David **CARTER**, Individually, Officer Mike Davis, Individually, the City of Lawrence, Marion County Sheriff Jack Cottey in his official capacity, and other Unnamed Officers, Defendants.

Cause No. IP02–0648–C–T/K.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Aug. 13, 2002.

Michael K Sutherlin, Sutherlin & Betz, Indianapolis, IN, FOR plaintiff.

Peggy D Dallmann, Office of the Corporation Counsel, Indianapolis, IN, Donald B Kite Sr, Schultz & Pogue LLP, Carmel, IN, for defendants.

## ENTRY ON ORDER TO SHOW CAUSE

BAKER, United States Magistrate Judge.

### I. Background

Plaintiff James Kennington is a deaf resident of Lawrence, Indiana. [Compl. ¶ 4]. After his arrest on charges of resisting law enforcement and obstruction of justice, Kennington filed a complaint against the city of Lawrence and two of its police officers, alleging violations of his rights under the Fourth and Fourteenth

Amendments of the United States Constitution and Indiana common law claims for false arrest and battery. [Compl. ¶¶ 22, 26, 41–42]. Additionally, Kennington alleged a violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132, by the city of Lawrence and the two police officers, Marion County Sheriff Jack Cottey, and "other unnamed officers." [Compl. ¶¶ 7–8, 34–35].

At issue are Kennington's ADA claims against the unnamed officers. Specifically, Kennington alleges that unidentified officers, as agents of the Marion County Sheriff's Department, failed to "attempt to communicate with James Kennington through auxiliary aids and services" during his arrest. [Compl. ¶ 35]. Counsel for Defendants initially entered an appearance on behalf of the unnamed officers, but later moved for, and were granted, withdrawal of that appearance. [Docket # 18]. At that time, the Court ordered Kennington to "show cause within 10 days from [June 11, 2002] as to why the 'unnamed officers' should not be dismissed from this action." [Id.].

For the reasons set forth below, the Court finds that Kennington has failed to show cause as to why the unnamed officers should remain as Defendants in this action. They serve no legitimate purpose in this action, and, therefore, are DISMISSED without prejudice.

## II. Discussion

### A. Standard of Review

■ Bringing suit against unnamed, or "John Doe", defendants in federal court is a practice neither condoned nor condemned by the Federal Rules of Civil Procedure. *See* David M. Epstein, *Propriety of Use of Fictitious Name of Defendant in Federal District Court*, 139 A.L.R. Fed. 553, 1998 WL 4319 (1998). However, asserting claims against an unnamed defendant is a practice generally disfavored by

the Seventh Circuit, although district courts have discretion as to whether such claims may be sustained. *See, e.g., Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir.1997) ("The privilege of suing or defending under a fictitious name should not be granted automatically even if the opposing party does not object. The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts."); *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) ("The use of fictitious names for parties, a practice generally frowned upon, is left within the discretion of the district court.") (internal citations omitted); *Copeland v. Northwestern Mem'l Hosp.*, 964 F.Supp. 1225, 1234 (N.D.Ill.1997) ("Claims against unknown persons are 'meaningless and uncompensable.' "). *Cf. Maclin v. Paulson*, 627 F.2d 83, 87–88 (7th Cir.1980) ("[W]hen, as here, a party is ignorant of defendants' true identity, it is unnecessary to name them until their identity can be learned through discovery or through the aid of the trial court.").

■ Generally, a plaintiff gains no advantage, procedural or otherwise, by asserting a claim against an unnamed defendant. Once the identity of the true defendant is discovered, the complaint is given no special consideration for purposes of amendment simply because it contains a placeholder. For instance, with regard to the statute of limitations, amendment of a claim against an unnamed defendant does not relate back to the date of the complaint under Fed.R.Civ.P. 15(c) because it is not considered a "mistake concerning the identity of a proper party." *See, e.g., King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (naming unnamed defendants does

not satisfy the "mistaken identity" clause of Rule 15(c)); *Wudtke v. Davel,* 128 F.3d 1057, 1060 (7th Cir.1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff.") (internal citations omitted). Additionally, filing against an unnamed defendant does not toll the statute of limitations. *See Sassi v. Breier,* 584 F.2d 234, 235 (7th Cir.1978) ("We do not consider that the naming of a 'John Doe' defendant in the complaint tolls the statute of limitations until such time as a named defendant may be substituted.").

Nonetheless, courts often permit plaintiffs to assert claims against unidentified defendants. *See, e.g., Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *King,* 201 F.3d at 913. However, this practice is not without limits. Some courts tend to have an eye toward dismissal of unnamed defendants, but afford varying degrees of latitude to plaintiffs attempting to discover the true identities of their alleged injurers. *See, e.g., Doughy v. Sheahan,* 1997 WL 311910, at *5 (N.D.Ill.1997) (court allows plaintiff until expiration of the statute of limitations to learn unnamed defendants' identities prior to dismissal); *Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 36–37 (E.D.Pa.1990) (court allows unnamed defendants to remain in action until "reasonable discovery" fails to yield their identities); *Stratton v. City of Boston,* 731 F.Supp. 42, 45 (D.Mass.1989) (court refuses to allow action to proceed against unnamed defendants and grants plaintiff 60 days leave to amend complaint with defendants' true identities prior to dismissal). Other courts adamantly permit plaintiffs who claim against unnamed defendants the opportunity to conduct discovery into a defendant's true identity before considering dismissal. *See, e.g., Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 789 (7th Cir.1995) ("[Plaintiff's] initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit. Dismissal would gratuitously prevent [plaintiff] from using the tools of pretrial discovery to discover the defendants' identity."); *Maclin v. Paulson,* 627 F.2d 83, 87–88 (7th Cir.1980) (same). *See also Scheetz,* 130 F.R.D. at 36–37 (same); *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir.1980) ("[T]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities . . . .").

## B. Plaintiff's Response to Court's Order to Show Cause

■ The Court ordered Kennington to show cause as to why the Defendants "unnamed officers" should not be dismissed. [Docket # 17]. Kennington first argues that "the use of 'John Doe' aliases is appropriate until discovery reveals the officers' identities." [Response, p. 5]. Kennington cites relevant Seventh Circuit authority (*i.e., Billman, Maclin* ) to support his argument that he has not yet had the opportunity to conduct full discovery, and that it is not certain that such discovery would fail to disclose the unnamed officers' identities. *Id.*

Second, Kennington argues that his claim pursuant to Title II of the ADA, specifically 42 U.S.C. § 12132, against the Defendant unnamed officers is one upon which relief may be granted, and thus, the claim should not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6). [Response, pp. 7–8]. The Court takes no issue with the underlying merits of Kennington's ADA claim—he brings the same claim against Marion County Sheriff Cottey—only with the fact that he has not yet identified any officers to bring it against.

 However, the Court finds that Kennington has ultimately failed to show cause as to why the unnamed officers should be maintained as defendants. First, he gains no procedural advantages by filling this case's caption with empty placeholders. He will suffer no procedural prejudices if the unnamed officers are dismissed as he may freely seek leave to amend his complaint if he chooses if he identifies the officers. Second, Kennington will lose no substantive claims by dismissal of the unnamed officers. Title II of the ADA forbids causes of action against defendants in their individual capacities. *See Stewart v. Office of Rehabilitation Servs.*, 2000 WL 1847574, at *2 (N.D.Ill.2000) (dismissing claims against defendants in their individual capacities because Title II of the ADA does not allow suits against individuals). Therefore, Kennington may only claim against the officers in their official capacities—a claim truly against the Marion County Sheriff's Department. *See Gossmeyer v. McDonald,* 128 F.3d 481, 494 (7th Cir.1997) ("An official capacity claim against an individual defendant constitutes a claim against the government entity itself."). Kennington brings an identical ADA claim against the Sheriff's Department via Sheriff Cottey. Consequently, dismissal of the unnamed officers leaves Kennington with claims identical to those he would have if the officers were maintained. Third, counsel for Defendants have withdrawn their appearance on behalf of the unnamed officers, leaving them without representation. [Docket # 18]. Unrepresented, unknown defendants are unable to litigate in federal court and, therefore, should be dismissed. Finally, Kennington has time remaining within which to conduct discovery of the unnamed officers' identities.

## III. Conclusion

Accordingly, the Court finds that Kennington has failed to show cause as to why the unnamed officers should remain Defendants in this action. Therefore, the unnamed officers are DISMISSED without prejudice.

So ordered.