Sidney **KLEINBERGER** and Arthur Leaver, Plaintiffs,

v.

**ALLEN PRODUCTS COMPANY, INC.,** Defendants.

Civ. A. No. 80–36.

United States District Court, E.D. Pennsylvania.

Feb. 21, 1984.

---

John Yarema, Emmaus, Pa., for plaintiffs.

Gregory Harvey, Morgan, Lewis & Bockius, Philadelphia, Pa., for defendants.

## PROCEEDINGS

TROUTMAN, Senior District Judge.

At the conclusion of the plaintiffs' case on liability, plaintiffs' Exhibit No. 61 was offered in evidence. As I recall, the Court did not rule upon it. That exhibit is now admitted.

█ Also, the plaintiffs' case having been concluded on liability, we go back to the testimony of Mr. Leaver in which he was permitted by the Court to express a lay opinion under Rule 701 as to the copying of the so-called cookie jar. The examination by counsel, in an effort to qualify him to express a lay opinion under Rule 701, suggested that he has repeatedly dealt with ceramics manufacturers in the course of his many years of business experience and dealings; and we, therefore, assumed that he knew sufficient about the actual manufacturing details and mechanics of ceramics that he was qualified to at least express a lay opinion under Rule 701. However, his opinion then ultimately stated was not in fact based upon any knowledge of the mechanics of ceramics manufacturing techniques sufficient, in our opinion, upon which to base the conclusion or opinion that he reached as regards the copying of the cookie jar. It was indeed a sufficient explanation as to why the lawsuit was filed, which was indeed the basis for its offer by plaintiffs' counsel, and to that extent is competent for that purpose, but does not rise in our opinion to the expression of a lay opinion under Rule 701 as to the allegation that the jar was copied. And to that extent, his testimony in the expression of that opinion is stricken.

That brings us to two motions which have been filed by the defendant at the conclusion of plaintiffs' case on liability, namely, a motion to dismiss for lack of subject matter jurisdiction and a motion for directed verdict pursuant to Fed.R.Civ.P. 50(a). Defendant submitted the motion to dismiss with supporting memorandum on the third day of trial, which happened to be a Friday. In an effort to make the most efficient use of judicial time and resources, there being a jury present and a witness on the stand who was unavailable the preceding day, and more importantly, to provide plaintiffs' counsel with a weekend in which to prepare a response to the motion, the Court took the motion under advisement and proceeded with testimony.

Upon conclusion of the plaintiffs' case on liability, we invited oral argument on the motion to dismiss at which time the defendants also filed a motion for a directed verdict. Oral argument was then heard at length on both motions.

In their motion to dismiss, defendants assert that this court lacks subject matter jurisdiction over the claims at bar. Jurisdiction was conferred on this Court under 28 U.S.C., Section 1338(b), there being a claim in count one of the complaint under the copyright laws. Counts two and three consist of pendent claims under the laws of Pennsylvania which sound in contract and tort respectively. Since the Court has no independent federal jurisdiction of these claims, jurisdiction to hear them exists only pursuant to the doctrine of pendent jurisdiction. Specifically, neither the contract claim nor the tort claim involve a federal question. Therefore, unless plaintiffs can meet the diversity jurisdictional requirements of 28 U.S.C., Section 1332, the Court has no independent jurisdiction over the contract and tort claims.

In order to establish diversity jurisdiction, plaintiffs must show, inter alia, that, at the time the complaint was filed, they and the defendants were citizens of different states. A corporation is considered to be a citizen of the state in which it was incorporated and the state where it has its principal place of business. 28 U.S.C., Section 1332(c). Since the plaintiffs Kleinberger and Leaver were citizens of Pennsylvania when the complaint was filed and. defendants Allen Products Company and its wholly-owned subsidiary Liv-A-Snaps had and still have their principal places of business in Pennsylvania, diversity jurisdiction does not exist.

At a final pretrial conference, it became apparent that the plaintiffs were not actually pursuing their copyright claim in this proceeding. This, however, was not an absolute certainty. This, however, has been confirmed by the fact that no evidence has been produced with respect to the copyright claim except the introduction of plaintiffs' copyright application and registration certificate which was moved into evidence at the close of the liability case, that is, plaintiffs' Exhibit No. 61. Moreover, plaintiffs' counsel honestly and candidly represented to the Court at the time they moved the admission of the certificate into evidence that it was not offered as evidence in support of the copyright claim; rather, its admission was moved because it tends to support plaintiffs' Pennsylvania common law tort claims in support of the plaintiffs' contention that the defendants illegally appropriated plaintiffs' property, i.e., the novel idea of a three-dimensional dog cookie jar.

Finally, plaintiffs concede that in this trial no additional evidence will be offered in support of the copyright claim, and no damages are being sought in this proceeding for copyright infringement.

In the memorandum supporting their motion, defendants contend that the plaintiffs should be deemed to have abandoned their copyright claim. They further argue that the claim has been shown to be entirely lacking in merit. Therefore, it is contended that the court has no subject matter jurisdiction. Defendants further contend that, absent the federal claim, this court is without the power to exercise its pendent jurisdiction.

A district court may exercise its pendent jurisdiction over state laws only

when and where the federal claim has sufficient substance to confer subject matter jurisdiction on the court, and the state and federal claims derive from a common nucleus of operative fact. *United Mineworkers v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966); *Lentino v. Fringe,* 611 F.2d 474, 478 (3d Cir.1979). Importantly, even where the power to hear a pendent claim exists, the Court need not exercise such power. *Gibbs,* supra, 383 U.S. at 726, 86 S.Ct. at 1139. We hear quote as follows: "The court has broad discretionary powers to decline pendent jurisdiction after considering judicial economy, convenience, fairness to the parties and comity." *Lentino,* supra at 478.

■ True, the determination of whether the Court has the power to decide a pendent claim generally arises prior to commencement of trial and is "ordinarily resolved on the pleadings." See *Gibbs,* 383 U.S. at 727, 86 S.Ct. at 1139; *Lentino,* 611 F.2d 478. But as there stated, the issue "remains open throughout the litigation" and may be considered by the Court at any time. *Gibbs,* 383 U.S. at 727, 86 S.Ct. at 1139. Moreover, where pretrial procedures or the trial itself reveal that state issues substantially predominate over federal issues, whether in terms of proof or otherwise, dismissal of the state claim may then be merited. *Gibbs,* 383 U.S. at 726, 727, 86 S.Ct. at 1139, 1140.

■ On the face of the pleadings in the instant case, the copyright claim appears to be the primary thrust of the complaint. However, subsequent developments have proven this to be totally incorrect. In fact, this case has been presented almost entirely as one of implied contract under Pennsylvania law. As the Supreme Court noted in *Gibbs,* "Once it appears that a state claim constitutes the real body of a case to which the federal claim is only an appendage, the state claim may fairly be dismissed." *Gibbs,* 383 U.S. at 727, 86 S.Ct. at 1140.

Moreover, unlike the state claim in *Gibbs,* the state contract claim here is not "so closely tied to questions of federal poli-

cy that the argument for exercise of pendent jurisdiction is strong." See *Gibbs,* 383 U.S. at 726, 86 S.Ct. at 1139.

Finally, and we quote, "(i)t should be noted … that in a situation such as this, where the validity of the federal claim depends on the allegation of certain facts which are never supported beyond the basic pleadings, there is significant possibility of abuse. In such cases, the district court should be particularly reluctant to exercise pendent jurisdiction." *Lentino,* supra, 611 F.2d at 480, footnote 7, citing *Gibbs,* supra, 383 U.S. at 727, 86 S.Ct. at 1139.

In quoting this language of the Third Circuit in *Lentino,* we do not suggest or imply that present trial counsel for the plaintiffs intentionally alleged insubstantial copyright claims in order to confer jurisdiction upon this court. We note sincerely and for the record that plaintiffs' trial counsel, unconditionally recognized as being ethical, respected and capable, were not even remotely involved in this case at the time the pleadings were prepared, drafted and filed.

We find compelling the defendant's argument that, under *Durham Industries, Inc. v. Tomy Corporation,* 630 F.2d 905, plaintiffs' complaint does not establish a colorable copyright claim. However, we need not and do not reach this conclusion in order to act upon the defendant's motion to dismiss. Even assuming that we have the power to exercise our pendent jurisdiction in this matter, we believe that the above-quoted language from *Gibbs* and *Lentino* strongly advises against our exercising that power. In so ruling, we are cognizant of the fact that judicial economy is a major consideration in deciding whether to exercise our pendent jurisdiction and that, in that light, we have had several days of trial with more to follow. Additionally, we must at least consider the state interest in adjudicating its own claims. See *Lentino* at page 480. Convenience to the parties in the context of this ongoing trial is of little significance. However, comity weighs in favor of dismissal.

Lastly, and in our opinion most importantly, plaintiffs will not be prejudiced in the filing of a complaint in the state court in that the statute of limitations has not run with respect to their contract claim or claims. Moreover and additionally, under 42 Pa.C.S.A., Section 5103(b), the pendent state claim may likewise be transferred to the state court as though timely filed.

Because we are granting defendant's motion to dismiss, we will dismiss as moot their motion for a directed verdict, and an appropriate order shall issue.