**Joseph Jude OLIVER**

v.

**Ronald MARKS, Julius Cuyler, Stephen Lucash, W. Cole.**

**Civ. A. No. 80–2438.**

United States District Court,
E.D. Pennsylvania.

June 12, 1984.

Joseph Jude Oliver, pro se.

Marc G. Brecher, Deputy Atty. Gen., Commonwealth of Pa., Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, Senior District Judge.

Plaintiff Joseph Jude Oliver alleges a violation of his constitutional rights stemming from defendants' refusal to allow him to enter the law library in the school area of Graterford Prison at approximately 8 P.M. on May 8, 1980. The material facts are not in dispute. On the evening in question, Oliver presented Correction Officer William Cole with an institutional pass and requested entry to the law clinic library. Plaintiff was denied admittance to that area of the prison and consequently to the library. Officer Cole avers that it was institutional policy not to allow inmates to enter the school area of the prison after 8:00 P.M. Oliver does not dispute this fact directly but instead asserts that the library was open from 6:30 to 8:45 P.M.

Thereafter, plaintiff filed an administrative complaint. Complaint Officer Stephen Lucash's decision that Officer Cole was properly performing his duties when he denied Oliver access to the law clinic library on May 8, 1980, was subsequently approved by then Warden Julius Cuyler. Plaintiff received a copy of Lucash's decision on June 12, 1980, fifteen days after his complaint had been considered. Believing that the time for an institutional appeal had expired, Oliver chose not to pursue his administrative remedies. Instead he filed the instant lawsuit on June 25, 1980, alleging that the defendants denied him the right to

do legal research and use "the law research clinic which all other inmates [were] allowed to do from 6:30 until 8:45 P.M. at the time the incident occurred". Complaint at p. 4. In addition, he complains that the handling of his intramural complaint against Officer Cole was deficient in that he was not afforded a hearing and was informed of the decision too late to appeal it.

Defendants have moved for summary judgment pursuant to Fed.R.Civ.P. 56, arguing that plaintiff's claims do not rise to the level of a constitutional violation. Defendants also urge that the pendent state law claims with respect to the handling of Oliver's complaint within the prison be dismissed for lack of jurisdiction.

Rule 56(c) requires that summary judgment be granted, "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". The Third Circuit Court of Appeals also requires that "inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court [ ] be viewed in the light most favorable to the party opposing the motion". *Hollinger v. Wagner*, 667 F.2d 402 (3d Cir.1981), quoting *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976). With these standards in mind, we reiterate that there is no genuine issue of material fact in dispute, making this a proper case for the entry of summary judgment. The only question raised by the plaintiff is whether the law library that he wished to use closed at 8:00 P.M. or 8:45 P.M. He does not dispute Officer Cole's affidavit statement that Cole was under instructions not to let inmates enter the school area where the library is located after 8:00 P.M. Whether the actual hours of operation are different for inmates who began work before 8:00 P.M., as Cole's affidavit indicates, is not a relevant fact in dispute. Oliver does argue that he, as an employee of the prison law clinic and a "brown section" inmate, was not or should

not have been subject to the 8:00 P.M. restriction. However, he admits that the time in question was after working hours and points to no facts to support his bald assertion that he still should not have been denied access because of his allegedly special status. Nor does he assert that he saw other inmates enter the library after 8:00 P.M.; he avers only that he observed other inmates remaining in the library after 8:00 P.M.

Turning to the legal question involved, it is clear that the constitutional right of access to the courts is the only protectible interest potentially implicated from these facts. In *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), the Supreme Court guaranteed inmates the right to use prison law library facilities as an integral part of their right of access to the courts. But it would be ludicrous to find from that case that a prison can make no rules to govern an inmates's use of such facilities. Obviously any institution can make reasonable regulations for the use of its facilities and *Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir.1982), indicates that prisons are no exception: "The federal courts should be loathe to intervene in the administration of state prisons unless there are constitutional violations. Where there is no constitutional violation ... a federal district court should not question the wisdom of a state's prison policies".

■ Here it is clear that the policy in question does not unconstitutionally deny an inmate the use of the law library. Oliver makes no claim that he was ever denied effective access to the library prior to May 8, 1980, but merely that on that *one* occasion he was denied entry when he believed it to be open for an additional forty-five minutes. Moreover, he admits that he was represented by an attorney in the case for which he was planning to do some legal research, thereby obviating any urgency with respect to his then impending court appearance. In addition, he does not allege that the forty-five minute period at issue was his *only* opportunity to do the research

he planned.[1] From these facts it is clear that Oliver's access to the courts was in no way abridged. Oliver correctly surmises that he has no standing to raise a constitutional question as to the other inmate whose case he was also planning to research during the forty-five minute period.

Defendants, therefore, are entitled to judgment as a matter of law, there being no substantive violation of federal constitutional law upon which to ground a claim under 42 U.S.C. §§ 1983–85, the plaintiff's claimed jurisdictional bases.

■ The claims based upon the handling of Oliver's complaint against Officer Cole by prison authorities are most appropriately addressed by Pennsylvania law—37 PA. CODE §§ 95.131–95.132 (1978). In the present circumstances, where judgment will be entered as to all defendants on all federal claims, we decline to exercise jurisdiction over the pendent state claims and, therefore, will dismiss them. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *White v. Salisbury Township*, 588 F.Supp. 608, 615, (E.D.Pa. 1984); *Kleinberger v. Allen Products*, 581 F.Supp. 941, 944 (E.D.Pa.1984).

An appropriate order follows.

---

**1.** Although not alleged in the complaint, Oliver contends in his memorandum in opposition to the instant motion that he was unable to do the legal research after May 8, 1980, because he was taken to Berks County Prison on May 9, 1980. The right to access to the courts does not guarantee an inmate the right to use a particular facility, but merely guarantees the use of an adequate law library. There is no allegation that plaintiff was denied access to the Berks County Prison law library. Moreover, his transfer to Berks County Prison for purposes of a trial which was to commence May 13, 1980, cannot be deemed a denial of access to Graterford's law library.