**Richard and Maryann RINDERER**

v.

**DELAWARE COUNTY CHILDREN AND YOUTH SERVICES and Pamela Ansel.**

No. 85–6496.

United States District Court, E.D. Pennsylvania.

March 19, 1987.

John O'Rourke, Norristown, Pa., for plaintiffs.

Peter S. Miller, Philadelphia, Pa., for defendants.

## ORDER

O'NEILL, District Judge.

■ AND NOW, this 19th day of March, 1987, upon consideration of defendants' motion for summary judgment,[1] and response thereto, it is hereby ORDERED that:

1. As to Delaware County Children and Youth Services, said motion is GRANTED, and the complaint is DISMISSED as to said defendant.

a. As plaintiffs concede, the allegations of the complaint do not state a cause of action against DCCYS under 42 U.S.C. § 1985, or under § 1983 on the basis of respondeat superior, and plaintiffs cannot recover punitive damages against DCCYS.

---

**1.** As some matters outside the pleadings have been attached, defendants' motion is styled as a motion for summary judgment. Fed.R.Civ.P. 12(b)(6). Despite these attachments, however, defendants have not met their initial burden of identifying evidence demonstrating an absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The parties' briefs simply present me with the contradictory assertions of counsel, and "the unverified representations of counsel in a brief are not a proper part of the record for consideration on a motion for summary judgment." *Prince v. Sun Shipbuilding & Dry Dock Corp.,* 86 F.R.D. 106, 107 (E.D. Pa.1980). Consequently, I treat this motion as a motion to dismiss.

b. The complaint also fails to state a cause of action under 42 U.S.C. § 1983 on any other basis.

(1) The government as an entity is responsible under § 1983 only when execution of its policy or custom, whether made by its lawmakers or those whose acts may fairly be said to represent official policy, inflicts constitutional injury. *Monell v. Department of Social Services*, 436 U.S. 658, 707–08, 98 S.Ct. 2018, 2044, 56 L.Ed.2d 611 (1978).

(2) Plaintiffs allege an unwritten DCCYS policy allowing its employees to do the acts complained of, which are, essentially, Pamela Ansel's allegedly spreading malicious stories and threatening to take plaintiffs' children away from them. Plaintiffs further allege that DCCYS' negligent failure to train its employees makes it responsible for Ansel's allegedly negligent, reckless and bad faith acts.

(3) "[P]roof of a single instance of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional [governmental] policy, which policy can be attributed to a policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–824, 105 S.Ct. 2427, 2436–37, 85 L.Ed.2d 791 (1985); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 106 S.Ct. 1292, 1296, 89 L.Ed.2d 452 (1986). A county may be held liable for failure to train or supervise its employees if "it had notice of prior misbehavior by its [employees] and failed to take remedial steps amounting to a deliberate indifference to the offensive acts." *Patzner v. Burkett*, 779 F.2d 1363, 1367 (8th Cir.1985). Negligent conduct by state actors does not implicate any aspect of the due process clause. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 663, 665, 666, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 670, 671, 88 L.Ed.2d 677 (1986).

■ (4) Even assuming that Ansel's conduct was unconstitutional, plaintiffs fail to allege more than a single instance of activity and it cannot be attributed to a policymaker. Plaintiffs also fail to allege the existence of notice of prior misbehavior. Lastly, DCCYS cannot be held liable for negligent training under *Daniels* and *Davidson* even if the result of such negligence was an act by Ansel amounting to more than negligence.

2. As to Pamela Ansel:

a. Said motion is GRANTED regarding allegations of a violation of 42 U.S.C. § 1985. Plaintiffs concede that they do not state a cause of action and that portion of the complaint is DISMISSED as to Ansel.

b. Said motion is GRANTED regarding Maryann Rinderer's allegations of a violation of 42 U.S.C. § 1983, and Maryann's complaint against Ansel is DISMISSED.

(1) Maryann alleges violation of her 14th Amendment rights to liberty and due process in two separate counts. Specifically, she alleges that Ansel spread malicious stories about Richard and threatened to take his children, thus depriving him of his liberty. She also alleges that Ansel convinced her to remove her children from her home and her husband by threatening to take her children if she did not do so, thus depriving Maryann of her liberty without due process of law and without a hearing of any kind. In their briefs, plaintiffs state that this is an allegation of violation of their substantive due process rights; plaintiffs do not claim violation of their procedural due process rights.

■ (2) "[T]he first inquiry in any 1983 suit ... is whether the plaintiff has been deprived of a right secured by the Constitution and laws" of the United States. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979). Where no such deprivation has occurred, there can be no recovery. Maryann Rinderer has not alleged a deprivation of *her* constitutional rights. To the extent that Maryann's liberty and due process counts allege injury to Richard's reputation caused by Ansel's alleged malicious stories, "the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law," *Paul v. Davis*, 424 U.S. 693, 712, 96 S.Ct. 1155, 1166, 47 L.Ed.

2d 405 (1976), and her reputation was not assailed. To the extent that her liberty and due process counts allege interference with her custody of her children, the two counts state a single claim and I will so construe them. "Parents have a fundamental liberty interest in the care, custody and management of their children." *Ruffalo v. Civiletti*, 702 F.2d 710, 715 (8th Cir.1983); *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982). This liberty interest is protected by substantive due process. *In re Scott County Master Docket*, 618 F.Supp. 1534, 1547 (D.Minn. 1985) *rev'd on other grounds*, 810 F.2d 1437 (8th Cir.1987). However, Maryann does not allege that she was separated from her children and it is undisputed that she was not. Thus, her liberty interest in the care, custody and management of her children was never interfered with, regardless of Ansel's alleged threats. The complaint does not state a cause of action for violation of Maryann's constitutional rights under § 1983.

c. Regarding Richard Rinderer's allegations of a violation of 42 U.S.C. § 1983, said motion is DENIED without prejudice to renewal by way of a more fully documented motion.

(1) Richard alleges the same violations of liberty and substantive due process as his wife. His claim under § 1983 regarding injury to his reputation fails for the same reason as his wife's. Regarding his other 14th Amendment claim, the complaint does allege that Richard was separated from his children for a period of time. The actual separation, however, was effected by Maryann when she ordered him out of the house, took her children to a motel and obtained a temporary restraining order. Thus, the issues are (1) whether Maryanne acted "under color" of law and, if she did, (2) whether Ansel is protected by qualified immunity.

(2) "Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute." *Adickes v. Kress & Co.*, 398 U.S. 144, 152, 90 S.Ct. 1598, 1605, 26 L.Ed.2d 142 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267 (1966)). The complaint alleges that Ansel made threats and that Richard suffered harm as a proximate result of Ansel's acts. This is a sufficient allegation. Whether Ansel's acts or the independent will of Maryann actually caused Maryann to separate Richard from his children is a question of fact which cannot be decided on the current record.

(3) The record also is not sufficient for me to rule upon the issue of whether Ansel is entitled to qualified immunity.

■ (a) Although courts are split, the majority view is that social workers, unlike prosecutors, do not enjoy absolute immunity. *See Pinkney v. Clay County*, 635 F.Supp. 1079, 1083 (D.Minn.1986); *In Re Scott Master Docket*, 618 F.Supp. at 1565. I agree with the reasoning of these cases on this point, and adopt their view here.

(b) As the Supreme Court stated in *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1981):

> "[G]overnment officials performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."

By adopting a standard of objective reasonableness by reference to clearly established law, the Court intended to minimize disruption of government and "permit resolution of many insubstantial claims on summary judgment." *Id.* The Court explained in *Mitchell v. Forsythe*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985), that:

> "*Harlow* thus recognized an entitlement not to stand trial or face the other burdens of litigation, conditioned on the resolution of the essentially legal question whether the conduct of which plaintiff complains violated clearly established law. The entitlement is an *immunity from suit* rather than a mere defense to liability ..."

■ (c) The issue here is whether Ansel's actions violated clearly established

law at the time they occurred, or whether she was doing what a reasonable social worker would do within her statutory and regulatory mandate. To make this determination I would need to review the of transcripts of Ansel's interviews with Stephen, any regulations governing and/or affidavits describing the normal investigatory procedures followed by DCCYS upon receipt of a complaint of child abuse, what was said to plaintiffs, and a specific chronology, including dates of interviews with Stephen and conferences with plaintiffs.

(4) In a separate count, Richard alleges that his constitutional right of privacy was violated by Ansel in two respects: 1) that she put him in a position where his children and wife were temporarily taken from him and 2) that she forced him to see a psychiatrist and discuss personal aspects of his life with that psychiatrist by threatening to permanently take his children if he did not. He does not allege that the psychiatrist forced him to make personal disclosures.

(a) The first allegation involves deprivation of liberty, not of privacy.

■ (b) As to the second, the Supreme Court has recognized a privacy interest in avoiding disclosure of personal matters. *Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 876, 51 L.Ed.2d 64 (1977). Thus, compelling someone to make personal disclosures, rather than compelling someone to see a psychiatrist, is what may violate the constitutional right of privacy. However, mere disclosure does not violate that right. Voluntary disclosure amounts to waiver of a privacy claim. *Fraternal Order of the Police Lodge No. 5, et al., v. City of Philadelphia, et al.*, 812 F.2d 105, 111 (1987). A public interest in disclosure and adequate safeguards against unauthorized disclosure may justify the intrusion. A balancing test must be applied. *U.S. v. Westinghouse Elec. Corp.*, 638 F.2d 570, 578 (3d Cir.1980).

■ (c) Richard's allegation is "barebones;" he does not even describe the type of personal disclosures he was forced to make. He also has a formidable causation hurdle to face: he does not allege that the psychiatrist forced him to make personal disclosures; his argument is that Ansel's

pre-session threats forced him to make them. However, given that he has alleged disclosure and coercion by an employee of a body with the power to take his children should certain statutory criteria be met, I will not dismiss this Count of the complaint. Again, the record is too bare for me to determine whether Ansel is immune from suit by reason of qualified immunity with respect to Richard's privacy claim.