Nicholas F. SERGIO, Jr.
and Nancy Sergio

v.

Detective John DOE and Officer John Doe, Police Officers of the Township of Plymouth, 700 Belvoir Road, Norristown, PA, 19401 and Detective John Doe and Officer John Doe, Police Officers of the Township of East Norriton, 2501 Stanbridge Street, Norristown, PA, 19401.

Civ. A. No. 90–6749.

United States District Court,
E.D. Pennsylvania.

Feb. 14, 1991.

Murray Greenfield, Hurvitz, Hurvitz & Greenfield, Philadelphia, Pa., for plaintiffs.

Joseph J. Santarone, Jr., Robert G. Hanna, Marshall, Dennehey, Warner, Coleman & Goggin, Norristown, Pa., for defendants.

MEMORANDUM

LUDWIG, District Judge.

In this § 1983 action, the amended complaint asserts malicious prosecution and intentional infliction of emotional distress as actionable torts and outrageous conduct and loss of consortium as pendent state claims. Defendants move to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).[1] Specifically, defendants claim that (1) plaintiffs were not deprived of any constitutional liberty or property interest; (2) Nancy Sergio lacks standing to assert a § 1983 claim; (3) defendants' actions were at most negligent and, therefore, are not actionable under § 1983; (4) defendants are entitled to qualified immunity; (5) plaintiffs have violated Fed.R.Civ.P. 10(a) by not identifying the defendants by name; and (6) the Pennsylvania Political Sub–Division Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq,* bars recovery on the state claims. Jurisdiction is federal question. 28 U.S.C. § 1331.

I.

According to the amended complaint, on October 26, 1988 defendant "John Doe," a police officer of Plymouth Township, arrested a man for retail theft and related charges. The arrestee identified himself as Nicholas Sergio, Jr. Amended complaint at ¶ 5. He was, in fact, a Joseph Capparella.

*Id.* at ¶ 6. Despite fingerprinting and processing him for arrest, the Plymouth Township police failed to accurately identify the person in their custody. *Id.* at ¶ 6. Capparella was then transferred to the East Norriton Township police. *Id.* at ¶ 7. On October 26, 1988 the Times Herald, a local newspaper, reported that Nicholas Sergio had been arrested. *Id.* at ¶ 8. Upon seeing her husband's name in the article, plaintiff Nancy Sergio notified the East Norriton police department that there must have been a mistake. *Id.* at ¶ 9. An East Norriton police detective responded that the police were aware of the error, but that the arrestee was now identified as "Joseph Capparella a/k/a/ Nicholas Sergio, Jr.," and that these names would have to remain in the police computer system. *Id.* at ¶ 9. On October 27, 1988 a retraction appeared in the Times Herald correctly identifying Joseph Capparella as the arrestee. *Id.* at ¶ 10. Some six months later, plaintiff Nancy Sergio, who is a Montgomery County probation officer, learned that a case titled "Commonwealth v. Sergio" was listed for a preliminary hearing. *Id.* at ¶ 11. There, plaintiffs explained the erroneous name reference to a Montgomery County assistant district attorney, who assured them that it would be rectified. *Id.* at ¶ 12. However, this did not occur and the charges remained under the original caption. *Id.* at ¶ 13. In September, 1990 plaintiffs learned that Mr. Sergio's name was still being associated with Capparella's criminal record. A board of directors on which Mr. Sergio sits was told there would be problems with the organization's liquor license because of Capparella's criminal record. *Id.* at ¶ 14.

II.

Defendants maintain that the amended complaint does not allege a deprivation of

---

**1.** In deciding a Rule 12(b)(6) motion, factual allegations of the complaint are to be accepted as true and reasonable factual inferences will be drawn to aid the pleader. *D.P. Enterprises v. Bucks County Community College,* 725 F.2d 943, 944 (3d. Cir.1984). A complaint will not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78

S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Johnsrud v. Carter,* 620 F.2d 29, 33 (3d Cir.1980). The heightened specificity required for § 1983 claims does not alter this general standard. Section 1983 complaints will not be dismissed "if they allege the specific conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials." *Colburn v. Upper Darby Township,* 838 F.2d 663, 666 (3d Cir.1988).

any constitutional liberty or property interest.

The terms of § 1983 make plain two elements that are necessary for recovery. First, the plaintiff must prove that the defendant has deprived him of a right secured by the "Constitution and laws" of the United States. Second, the plaintiff must show that the defendant deprived him of this constitutional right ... "under color of law."

*Adickes v. S.H. Kress and Company,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970).

"The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws' [of the United States]." *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689,. 2692, 61 L.Ed.2d 433 (1979). "Where no such deprivation has occurred, there can be no recovery." *Rinderer v. Delaware County Children and Youth Services,* 703 F.Supp. 358, 360 (E.D.Pa. 1987).

The amended complaint does not articulate the specific constitutional grounds on which the § 1983 claim is based. However, assuming that no procedural safeguard is implicated, the claim may be viewed as invoking the substantive component of the due process clause. *See DeShaney v. Winnebago County Department of Social Services,* 489 U.S. 189, 195, 109 S.Ct. 998, 1003, 103 L.Ed.2d 249 (1989).

Violations of substantive due process can be categorized as (1) deprivation of a particular constitutional guarantee, or (2) official acts which "may not take place no matter what procedural protections accompany them," *Hudson v. Palmer,* 468 U.S. 517, 542 n. 4, 104 S.Ct. 3194, 3208 n. 4, 82 L.Ed.2d 393 (1984) (Stevens, J. concurring), alternatively known as actions that "shock the conscience." *Rochin v. California,* 342 U.S.· 165, 172, 72 S.Ct. 205, 209, 96 L.Ed. 183 (1952). *See Parratt v. Taylor,* 451 U.S. 527, 545, 101 S.Ct. 1908, 1918, 68 L.Ed.2d 420 (1981) (Blackmun, J., concurring) ("[T]here are certain governmental actions that, even if undertaken with a full panoply of procedural protection, are, in and of themselves, antithetical to fundamental notions of due process").

■ To elevate a harm to reputation claim to constitutional significance, it must be alleged that "a right or status previously recognized by state law was distinctly altered or extinguished ... officially removing the interest from the recognition and protection previously afforded by the state." *Paul v. Davis,* 424 U.S. 693, 711, 96 S.Ct. 1155, 1165, 47 L.Ed.2d 405 (1976). In this regard, plaintiffs' pleading is deficient.[2]

■ Moreover, "[s]ection 1983 imposes liability for violation of rights protected by the Constitution, not for violations of duties of care arising out of tort law," *Baker v. McCollan,* 443. U.S. at 146, 99 S.Ct. at 2695–96. As such, plaintiffs' claims for humiliation, mental anguish, stress and emotional harm do not by themselves state a cognizable § 1983 claim.[3]

**2.** *See also Robb v. City of Philadelphia,* 733 F.2d 286, 294 (3d Cir.1984) ("Stigma to reputation alone, absent some accompanying deprivation of present or future employment, is not a liberty interest protected by the fourteenth amendment."); *Paul v. Davis,* 424 U.S. at 712, 96 S.Ct. at 1166 ("Any harm or injury to [plaintiff's interest in reputation], even where as here inflicted by an officer of the state, does not result in a deprivation of any 'liberty' or 'property' recognized by state or federal law, nor has it worked any change in respondent's status as theretofore recognized under the state's laws").

**3.** *See, e.g., DeShaney,* 489 U.S. at 202, 109 S.Ct. at 1007 ("[T]he due process clause of the Fourteenth Amendment ... does not transform every tort committed by a state actor into a consti-

tutional violation"); *Horne v. Farrell,* 560 F.Supp. 219, 225 (M.D.Pa.1983) ("Section 1983 protects persons from deprivation of *federally* protected rights.... The claims of false imprisonment, abuse of process, or intentional infliction of emotional distress are based upon Pennsylvania law. No federally protected rights are allegedly violated.").

Moreover, inasmuch as the eighth amendment does not apply until after an adjudication of guilt, defendants' actions could not violate the amendment's prohibition against cruel and unusual punishment. *See Bell v. Wolfish,* 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 1872 n. 16, 60 L.Ed.2d 447 (1979); *Ingraham v. Wright,* 430 U.S. 651, 671 n. 40, 97 S.Ct. 1401, 1412 n. 40, 51 L.Ed.2d 711 (1977).

The counts for intentional infliction of emotional distress are not actionable under § 1983, but must be treated as pendent state claims.

Considering that no specific constitutional violation is averred, the residual question to be asked is whether the § 1983 claim encompasses any behavior that is antithetical to fundamental notions of due process or that shocks the conscience.[4]

Most § 1983 shock the conscience cases have involved excessive force or physical brutality.[5] However, it is not essential to a § 1983 substantive due process claim that the harm done be physical in nature.[6] In *Rhodes v. Robinson*, 612 F.2d 766, 771 (3d Cir.1979), where plaintiff claimed "emotional distress as a result of overhearing three guards administer a gruesome beating to an inmate confined two cells away from him," our Circuit stated:

> The protection of fundamental liberties by the due process clause and the eighth amendment extends to protection from an official's abusive exercise of his powers to inflict grossly undue harm. Thus

we cannot find [plaintiff's] claim insufficient because it alleges emotional rather than physical harm. Emotional distress can produce injury of the same severe magnitude as occurred in the cases of physical harm and withholding necessary medical care, and it can be inflicted in the same wanton and unreasonable manner. *Rhodes*, 612 F.2d at 772. *See also Black v. Stephens*, 662 F.2d 181, 189 (3d Cir.1981), *cert. denied*, 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982) ("For an unidentified officer to brandish his revolver eighteen inches from [plaintiff's] head with [plaintiff's wife] in the precise line of fire and then threaten to shoot, is conduct that shocks the conscience"); *Metzger*, 841 F.2d at 523 (Weis, J. concurring and dissenting).

Every person has a right to be free from the intentional infliction of emotional harm through the misuse of police or prosecutory powers. Although the misconduct asserted here may not be as egregious as in cases involving various kinds of physical brutality, the psychological intrusion conceivably sustained by Nicholas Sergio is enough to make out a substantive due process violation and to overcome a dismissal motion.[7]

---

**4.** "Implicit in the concept of an official's wanton and unnecessary infliction of harm is some improper state of mind. Where a person suffers injury as an incidental and unintended consequence of official actions, the abuse of power contemplated in the due process and eighth amendment cases does not arise." *Rhodes v. Robinson*, 612 F.2d 766, 772 (3d Cir.1979). However, when a state actor has "infringed a liberty interest by intentional conduct, gross negligence, or reckless indifference, or an established state procedure, the matter is actionable under section 1983." *Colburn*, 838 F.2d at 668. *See also Metzger v. Osbeck*, 841 F.2d 518, 520 n. 1 (3d Cir.1988). Accordingly, the § 1983 count can not be dismissed on the ground that state of mind of the actor is not sufficiently pleaded.

**5.** *See, e.g., Rochin*, 342 U.S. at 172, 72 S.Ct. at 209–10 ("Illegally breaking into the privacy of the petitioner, the struggle to open his mouth and remove what was there, the forcible extraction of his stomach's contents—this course of proceeding by agents of government to obtain evidence is bound to offend even hardened sensibilities").

**6.** The Supreme Court recently held "that *all* claims that law enforcement officers have used excessive force ... should be analyzed under the Fourth Amendment and its 'reasonableness'

standard, rather than under a substantive due process approach." *Graham v. Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). *Graham* rested on the proposition that "explicit textual source[s] of constitutional protection" offer a more precise guide for analyzing excessive force claims than "the more generalized notion of 'substantive due process.'" *Graham*, 490 U.S. at 395, 109 S.Ct. at 1871. However, the Court did not discuss or preclude the application of the "shock the conscience" test where there are no allegations of excessive physical force. In this case there exists no "explicit textual source of constitutional protection," other than the due process clause itself, to refer for constitutional guidance. *Contra Braley v. City of Pontiac*, 906 F.2d 220, 226 (6th Cir. 1990) ("We doubt the utility of [the shock the conscience] standard outside the realm of physical abuse, an area in which the conscience of judges are shocked with some degree of uniformity.... After *Graham*, the status of the 'shock the conscience' test in contexts other than allegations of excessive force is uncertain").

**7.** There appears to be pendent party jurisdiction over the state claims. *See Aldinger v. Howard*, 427 U.S. 1, 18, 96 S.Ct. 2413, 2422, 49 L.Ed.2d 276 (1976); *Weinberger v. Kendrick*, 698 F.2d 61, 76–77 (2d Cir.1982), *cert. denied*, 464 U.S. 818, 104 S.Ct. 77, 78 L.Ed.2d 89 (1983); 3A J. Moore,

**168**

### III.

■ Malicious prosecution is actionable under § 1983. "[T]he elements of liability for the constitutional tort of malicious prosecution under § 1983 coincide with those of the common law tort." *Lee v. Mihalich,* 847 F.2d 66, 70 (3d Cir.1988). *See also Losch v. Borough of Parkesburg,* 736 F.2d 903, 907 (3d Cir.1984) ("It is clear that the filing of charges without probable cause and for reasons of personal animosity is actionable under § 1983").

A civil action for § 1983 malicious prosecution requires that: (1) the defendant initiate a criminal proceeding; (2) which ends in plaintiff's favor; (3) which was initiated without probable cause; and (4) the defendant acts maliciously or for a purpose other than bringing the defendant to justice.

*Lee v. Mihalich,* 847 F.2d at 69–70 (footnote omitted). *See also Rose v. Bartle,* 871 F.2d 331, 349 (3d Cir.1989); *Bell v. Brennan,* 570 F.Supp. 1116, 1118 (E.D.Pa.1983).

The amended complaint alleges facts sufficient to state a § 1983 claim for malicious prosecution.

### IV.

■ Our Circuit "has routinely held that [§ 1983] complaints comply with [the general standard for ruling on motions to dismiss under Rule 12(b)(6) ] if they allege the specific conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials." *Colburn v. Upper Darby Township,* 838 F.2d at 666. *See also District Council 47, American Federation of State, County and Municipal Employees v. Bradley,* 795 F.2d 310, 313 (3d Cir.1986); *Frazier v. Southeastern Pennsylvania Trans. Authority,* 785 F.2d 65, 68–70 (3d

Cir.1986). Here, plaintiffs' pleading does not fully identify the responsible officials.

Plaintiffs argue that:

[t]he actual names of these Defendants is currently being investigated and the same is in the process of being rectified. As this case has been publicized and service has been effectuated, Plaintiffs contend that the real parties involved have been given timely notice of the institution of the action and that they know of their involvement therein.

Pltf. mem. at 10.

Plaintiffs through discovery should be able to obtain the names of the police officers and detectives involved. The complaint will be allowed to proceed at this time without prejudice to post-discovery reassertion of defendants' position if the defendants remain unidentified.[8]

### V.

■ The defense of qualified good-faith immunity cannot succeed at this stage. "The relevant question ... is the objective (albeit fact-specific) question whether ... reasonable officer[s] could have believed [their conduct] to be lawful, in light of clearly established law and the information [they] possessed." *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3040, 97 L.Ed.2d 523 (1987). Accepting as true the factual allegations in the complaint, as is required on this motion, defendants' good-faith defense assertions cannot be sustained as a matter of law.[9]

---

J. Lucaş & G. Grotheer, Moore's Federal Practice ¶ 20.07 [5.–1] (2d ed. 1990). Inasmuch as Nancy Sergio's count for intentional infliction of emotional distress is such a state claim, defendants' motion to dismiss because she lacks standing to assert a cause of action under § 1983 need not be decided.

**8.** *See Oatess v. Sobolevitch,* 914 F.2d 428, 431–32 n. 8 (3d Cir.1990). *See also Stratton v. City of Boston,* 731 F.Supp. 42, 45 (D.Mass.1989); 2A J.

Moore, J. Lucas & G. Grotheer, Moore's Federal Practice ¶ 10.02 (2d ed. 1990) ("The use of a fictitious name for a defendant will not be permitted if ignorance of the defendant's identity is the result of willfulness or lack of reasonable inquiry"); Fed.R.Civ.P. 10(a).

**9.** Similarly, inasmuch as willful misconduct is alleged, the Pennsylvania Political Sub–Division Tort Claims Act, 42 Pa.C.S.A. § 8550, would not bar recovery on the state claims.