Elijah MUHAMMAD, Plaintiff,

v.

D. HILBERT, Correctional
Officer, Defendant.

Civ. A. No. 95–1609.

United States District Court,
E.D. Pennsylvania.

Nov. 16, 1995.

Elijah Muhammad, Plaintiff Pro Se.

Catharine M. Roseberry, County of Lehigh, Dept. of Law, Allentown, PA, for Defendant.

*MEMORANDUM AND ORDER*

ANITA B. BRODY, District Judge.

Pro se Plaintiff Elijah Muhammad is an inmate who was previously incarcerated at Lehigh County Prison.[1] Plaintiff brings this Section 1983 action against Defendant Deborah Hilbert, a corrections officer at Lehigh County Prison, claiming that Defendant infringed upon his constitutional right of access to court by denying him entry to the prison's law library. Plaintiff also claims that his constitutional rights were infringed upon by Defendant's alleged harassment of him.

Plaintiff brought suit on March 27, 1995 under Section 1983, seeking a declaratory judgment, a permanent injunction, two temporary restraining orders, and compensatory and punitive damages.[2] On September 25, 1995, Defendant filed a Motion for Summary Judgment, which is under consideration here. For the following reasons, summary judgment will be granted.

## I. SUMMARY OF FACTS

According to Plaintiff's Complaint, on February 14, 1995, Plaintiff had an appointment to do research in the Lehigh County Prison's law library. Plaintiff arrived at the appointment late, due to the fault of prison officials, and was denied access to the library by Defendant, a corrections officer on library duty. Despite repeated efforts to gain entry, Plaintiff was unable to use the library that day. In response, Plaintiff filed an administrative grievance against Defendant.[3]

Plaintiff then alleges that on February 16, 1995, while using the library, Defendant "verbally attacked and harassed" him, in response to his filing the grievance.[4]

On March 6, 1995, Plaintiff filed this action under Section 1983 against the Defendant. Plaintiff claims that the denial of access to the library constitutes an intentional and deliberate denial of his constitutional right of access to court. Plaintiff also claims that the harassment he suffered served to further infringe upon his constitutional rights.

The harms Plaintiff alleges include emotional distress with physical manifestations (namely headaches), paranoia, and confusion. Plaintiff never claims any legal harm—for example, he never argues that the litigation pending during the time in question was affected by the denial of access in any way.[5]

In response, Defendant argues that Plaintiff alleges no specific harm or prejudice that would entitle him to Section 1983 relief. Furthermore, Defendant argues that she is entitled to a defense of qualified immunity. Finally, Defendant argues that Plaintiff's request for equitable relief is moot, due to his transfer to another prison, and due to his failure to attain class certification.

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56(c) states that summary judgment is properly granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant (Defendant in this case) bears the burden of demonstrating that the evidence presented is insufficient to support the claims and therefore a reasonable jury would be unable to

---

1. He has since been transferred to SCI, Camp Hill.

2. The original Complaint named Lehigh County Prison as another defendant. On March 27, 1995, this Court ordered that the claims against Lehigh County Prison be dismissed as frivolous, on the grounds that the prison does not constitute a "person" under Section 1983.

   Thus, the only claims under consideration here are those against Defendant Hilbert.

3. Defendant does not refute the fact that she denied Plaintiff entry. Defendant explains that Plaintiff was 17 minutes late to his library ap-

pointment, and that prison regulations require her to deny admittance to any prisoner who is over 15 minutes late. Defendant claims that she acted in good faith in refusing entry. Furthermore, Defendant provides evidence that Plaintiff was denied access to the library only on one occasion, and otherwise had unlimited access to the library at all other times.

4. Defendant denies that this incident occurred.

5. There is only one mention of the litigation in the Complaint—"I had a [sic] pressing litigation in the Lehigh County Court relevant to a mandamus petition which required immediate attention".

reach a verdict for the Plaintiff. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). If this initial burden is met, then the non-moving party (Plaintiff) bears the burden of demonstrating that there are disputes of material fact that should proceed to trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). If the Plaintiff does not carry this burden, then summary judgment should be granted. All doubts are resolved in favor of the Plaintiff. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962).

As the following discussion will demonstrate, Defendant has carried her initial threshold burden. Plaintiff, however, fails to carry his burden, and for this reason, summary judgment will be granted.

## III. DISCUSSION

### A. Requirements for Section 1983 claim

■ Section 1983 states, "Every person who, under color of any statute, ordinance, regulation, custom or usage of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress". 42 U.S.C. Section 1983. In order to bring a successful Section 1983 claim, Plaintiff must demonstrate that (1) the act was performed by a person acting under color of state law and (2) the conduct deprived the Plaintiff of a right, privilege or immunity secured by the Constitution or federal law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981); *Piecknick v. Commonwealth of Pennsylvania*, 36 F.3d 1250, 1255–56 (3d Cir. 1994); *Carter v. City of Philadelphia*, 989 F.2d 117, 119 (3d Cir.1993). The first requirement is not in dispute here. The second prong of the test—whether a constitutional right is at stake—is the issue.

### B. Were Plaintiff's Rights Infringed Upon?

#### 1. *Plaintiff's Right of Access to Court Was Not Infringed Upon*

■ The Supreme Court has recognized that all prisoners have a constitutional right of access to court. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). Access to court must be adequate, effective and meaningful under the Federal Constitution. *Id.*, at 822, 97 S.Ct. at 1495; *Milhouse v. Carlson*, 652 F.2d 371, 374 (3d Cir.1981); *Williams v. Dark*, 844 F.Supp. 210, 214 (E.D.Pa.1993), *aff'd* 19 F.3d 645 (1994); *Agresta*, 801 F.Supp. at 1472. The right of access to court is not unlimited; all that is required is a reasonable right of access, to afford a reasonable opportunity to be heard. *Campbell v. Miller*, 787 F.2d 217, 226 (7th Cir.1986), *cert. denied* 479 U.S. 1019, 107 S.Ct. 673, 93 L.Ed.2d 724 (1986); *Ciccarelli v. Carey Canadian Mines, Ltd.*, 757 F.2d 548, 554 (3d Cir.1985); *Boyd v. Petsock*, 795 F.Supp. 743, 746 (W.D.Pa.1992).

■ Meaningful access to a law library is part of a prisoner's right of access to the courts.[6] Reasonableness, not unlimited use, is the standard that must be met, in order for access to the law library to be meaningful. *Lindquist v. Idaho Bd. of Corrections*, 776 F.2d 851, 858 (9th Cir.1985); *Twyman v. Crisp*, 584 F.2d 352, 357 (10th Cir.1978).

Plaintiff here does not claim that the prison regulations were unfairly restrictive. He does not argue that his general right of access to the library was not "meaningful". He does not argue that the standard of reasonableness was violated in any way. Rather, his only claim is that he was denied access on one occasion, due to his tardiness, and that this single denial of entry infringed upon his constitutional rights.

#### a. *One–Time Denial of Access Does Not Constitute Infringement*

■ Plaintiff was denied access only on one occasion. Indeed, Plaintiff does not dispute the fact that he used the library eleven

---

6. As *Bounds* explains, a prisoner must either be given access to an adequate law library or be provided with legal assistance. *Bounds*, 430 U.S. at 828, 97 S.Ct. at 1498.

other times during the month in question (February), and twelve times the following month (March). Therefore, Plaintiff brings this entire action to punish Defendant for depriving him of, at most, a few hours of library time during one day.[7]

Courts have generally held that a one-time denial of library use fails to show a violation of the Constitution. A one-time denial is not an unreasonable restriction on access, and therefore does not state a cause of action under Section 1983. *Strickler v. Waters*, 989 F.2d 1375, 1387 (4th Cir.1993), *cert. denied* —— U.S. ——, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993) (one-time denial of library entry is not infringement of right to court access); *Oliver v. Marks*, 587 F.Supp. 884, 886–87 (E.D.Pa.1984) (one-time denial of library use not actionable under Section 1983). Indeed, "restricted access to the law library is not per se denial of access to the courts ... The prison library is but one factor in the totality of all factors bearing on the inmates' access to the courts which should be considered". *Twyman*, 584 F.2d at 357.

A 1983 claim for a one-time denial of access is thus generally held to have little merit, and there is no evidence that the case at bar is any different. For this reason, Plaintiff's claim should not be upheld.

b. *Administrative Rules, If Reasonable, Should Be Upheld*

Furthermore, courts are generally in agreement that the right of access to courts is not infringed upon simply by the enforcement of impartial administrative rules which are established to ensure internal order and institutional security. *Gittlemacker v. Prasse*, 428 F.2d 1, 7 (3d Cir.1970) (time/place/manner regulations should be upheld as long as they do not serve to "frustrate" access); *Mathis v. DiGiacinto*, 430

F.Supp. 457, 462 (E.D.Pa.1977) (impartial prison regulations upheld as long as access is not meaningless). Mere administrative inconvenience is not grounds upon which to grant 1983 relief. "A court cannot make the assumption that any alleged administrative deficiency or less than optimal clerical arrangement actually impedes a prisoner's ability to file meaningful legal papers". *Peterkin v. Jeffes*, 855 F.2d 1021, 1041 (3d Cir. 1988).

There is no evidence that prison policy in this case served to frustrate Plaintiff's access to court. The evidence shows that the prison rules with regard to lateness were impartial administrative regulations. The rules were not geared in any way towards limiting Plaintiff's right of access to court, and Plaintiff has failed to show that his access to court was actually frustrated as a result of the enforcement of these rules. Therefore, Defendant did not violate Plaintiff's rights in enforcing the rules, and Plaintiff should not be afforded 1983 relief on these grounds.[8]

2. *The Harassment Is Not Grounds for Relief*

Plaintiff argues that the alleged incident of harassment contributed to the denial of his rights. It is not clear whether Plaintiff considers harassment a part of his denial of right of access to court, or whether he is arguing that it infringes on a different right. Either way, he fails to support his claim.

a. *Harassment As Part of Access to Court Claim*

Plaintiff seems to be arguing that the alleged harassment was a reaction to his attempts to assert his right of access (i.e. "retaliation"), and thus, indirectly, also impinged upon his right of access. It is true

---

7. Note that Plaintiff never shows how the one-time denial of entry ever specifically impeded his right to go to court. To bring a successful claim, Plaintiff here must show that the denial of access affected his impending litigation in some way. *Kershner v. Mazurkiewicz*, 670 F.2d 440, 445 (3d Cir.1982); *Muslim v. Frame*, 854 F.Supp. 1215, 1225 (E.D.Pa.1994). Without such a showing, Plaintiff cannot prove that his right of access to court was "frustrated" or not "meaningful".

8. Furthermore, courts in general should avoid intervening in the administration of state institutions and should defer to the discretion of prison officials whenever possible. *Bell v. Wolfish*, 441 U.S. 520, 548, 99 S.Ct. 1861, 1879, 60 L.Ed.2d 447 (1979).

that an inmate may not be punished or threatened for asserting his right to access to the courts. *Hudson v. Thornburgh,* 770 F.Supp. 1030, 1037 (W.D.Pa.1991), *aff'd* 980 F.2d 723 (1992). However, it is farfetched for Plaintiff to argue that, because the Defendant told him that his efforts to file a grievance might be in vain, she "harassed" him to the point that his constitutional right to go to court was infringed upon.

▮▮▮ Plaintiff may be trying to argue that the denial of access to the library, coupled with the harassment, resulted in a denial of access to court. For example, in *Hudson v. Robinson,* 678 F.2d at 466, the court found that "a combination of several factors might, taken together, lead to a finding that a prisoner has been denied access to the courts, where no one of the factors taken alone, would do so". However, according to *Hudson,* before a litigant can claim such a compounding of factors, the litigant must first demonstrate that his right to access was infringed upon, and that some actual injury occurred. *Id.* As evidenced above, Plaintiff fails to prove both of these elements. Therefore, Plaintiff fails to provide the threshold of proof required to satisfy the *Hudson* approach.

### b. *Harassment as a Separate Section 1983 Claim*

▮▮▮ Plaintiff may have intended to bring an entirely separate Section 1983 claim for the harassment issue, completely divorced from the access to court issue.

▮▮▮ If Plaintiff is indeed asserting harassment as a separate claim, he has not specified grounds upon which 1983 relief should be granted. See e.g. *Rhodes v. Robinson,* 612 F.2d 766, 772 (3d Cir.1979); *Sergio v. Doe,* 769 F.Supp. 164 (E.D.Pa.1991). Such a posture is unacceptable. If Plaintiff intends to seek relief, he must first provide the basis upon which such relief can be granted. A court cannot act based on pure guesswork or speculation.

▮▮▮ In addition to stating the grounds for relief, Plaintiff must also satisfy the threshold burden of proof. In the 3rd Circuit, one incident of harassment, without accompanying acts or a pattern of harassment, is not enough to constitute an infringement of one's constitutional or legal rights. *Maclean v. Secor,* 876 F.Supp. 695, 699 (E.D.Pa.1995). Without a more solid foundation, Plaintiff's vague claims cannot survive summary judgment.

### C. Qualified Immunity

Because Plaintiff has failed to show that his constitutional right of access to court was violated by Defendant's actions, the issue of qualified immunity does not even need to be addressed. *Siegert v. Gilley,* 500 U.S. 226, 232, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991) (if plaintiff has failed to demonstrate a violation of a clearly established constitutional right, defendant does not bear burden of proving qualified immunity defense).

### D. Equitable Relief and Mootness Issue

▮▮▮ Defendant argues that Plaintiff's request for injunctive relief is moot, since, subsequent to the filing of the Complaint, Plaintiff was transferred to another prison. The Complaint specifically identifies Defendant as the target for the injunctive relief; yet, due to the transfer, Plaintiff no longer has any contact with Defendant.[9]

There are no factual disputes on this point. Based on the evidence presented, it is clear that the demand for injunctive relief is moot. Thus, summary judgment on this point is entirely appropriate.

### E. Should Defendant's Motion Be Granted?

▮▮▮ There are no outstanding issues of material fact that should go to trial. Both parties agree that Plaintiff was late to his appointment and as a result Defendant denied him access to the library. There is no dispute over the fact that the denial of access occurred once, and that Plaintiff was free to

9. Plaintiff never applied for class action status; therefore, the claim is filed solely on his own behalf.

use the library at all other times. The material facts as presented are undisputed,[10] and, as demonstrated above, do not provide a basis upon which to grant Section 1983 relief.

Because there are no outstanding material disputes over the facts of the case, and there are no remaining grounds upon which relief can be granted, summary judgment is appropriate in this case.

## ORDER

**AND NOW,** this <u>16th</u> day of November, 1995, **IT IS ORDERED** that:

1. Defendant's Motion for Summary Judgment is **GRANTED.**

2. The Clerk of the Court is instructed to enter judgment in favor of Defendant Hilbert, and against Plaintiff Muhammad.

**10.** Plaintiff argues that summary judgment should be denied because there is an outstanding material dispute with regard to whether the alleged harassment took place. The mere fact that the parties disagree as to this point will not defeat summary judgment, since, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact". *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) (emphasis added).

The harassment issue is not a "genuine issue of material fact". Plaintiff has failed to demonstrate any grounds upon which relief for the harassment issue could be granted. Therefore, even if a jury were actually to find that the harassment did take place, Plaintiff still would get no relief. As a result, whether or not the harassment occurred is not an issue that should prevent summary judgment.

Plaintiff also identifies two other issues that are in dispute: the time he actually arrived at the appointment, and whether the deadline for late arrival in the prison regulations is 10 or 15 minutes. However, the resolution of these two issues has no bearing on the summary judgment motion. Both parties agree that he was late, and that he was denied access as a result of his lateness. Therefore, these other questions are largely superfluous.