**Ali Leven Cyrus BEY, Plaintiff,**

v.

**CITY OF PHILADELPHIA, et al., Defendants.**

No. CIV. A. 97–5319.

United States District Court, E.D. Pennsylvania.

June 24, 1998.

Ali Leven Cyrus Bey, Philadelphia, PA, pro se.

Paul L. Adams, Jr., City Solicitor's Office, Philadelphia, PA, for Defendants.

## MEMORANDUM AND ORDER

KATZ, District Judge.

### Factual Background

Plaintiff Bey has filed a *pro se* complaint against the City of Philadelphia, the Philadelphia Police Department, a police officer named "C. Murray," and Doe defendants, claiming violations of 42 U.S.C. § 1983, the Moroccan Treaty of 1787, the Free Moorish–American Zodiac Constitution, various sections of the United States Constitution, and international law. *See* Def. Mot. Ex. A. Bey alleges that on August 19, 1995, he received a telephone call from his neighbor, who informed him that someone was breaking into his home. *See id.* Bey then went to investigate with a loaded handgun, which discharged, whereupon he recognized the "intruder" as another neighbor; he ceased all investigation and apologized to the neighbor. *See id.* When the police arrived to investigate the reported break in, he claims that the police officers refused to listen to his explanations, beat him, arrested him, and subject-ed him to verbal abuse on the way to the station and at the station. The City of Philadelphia now moves for summary judgment.[1]

### Discussion

] Bey's claims against the City of Philadelphia must rest on the theories of municipal liability set out in *Monell v. Department of Social Services*, 436 U.S. 658, 690–91, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) and *City of Canton v. Harris*, 489 U.S. 378, 380, 390–92, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989). In order to assert a claim of municipal liability under § 1983, the plaintiff must assert that the municipal defendants followed some unconstitutional policy or custom or failed to train its employees; no § 1983 liability exists on a *respondeat superior* theory. *Harris*, 489 U.S. at 392, 109 S.Ct. 1197; *Monell*, 436 U.S. at 690–91, 98 S.Ct. 2018. Bey has not produced any evidence of an unconstitutional policy, custom, or deficient training policy that was in effect during his arrest and subsequent treatment. As a result, summary judgment is granted as to defendant City of Philadelphia on Bey's § 1983 claims.[2]

] As for the individual defendants, Bey has not produced any evidence against them other than the allegations in his complaint.

1. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

 When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir.1987); *Baker v. Lukens Steel Corp.*, 793 F.2d 509, 511 (3d Cir.1986). In other words, if the evidence presented by the parties conflicts, the court must accept as true the allegations of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

 When the movant does not have the burden of proof on the underlying claim or claims, that movant has no obligation to produce evidence negating its opponent's case, but merely has to point to the lack of any evidence supporting the non-movant's claim. When the party moving for summary judgment is the party with the burden of proof at trial, and the motion fails to establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented. *National State Bank v. Federal Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir.1992). As Bey is a *pro se* complainant, the allegations in his complaint must be broadly construed. *See Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

2. The City of Philadelphia police department has no legal existence apart from the City of Philadelphia, so any claim against the department must be dismissed and the substance of his claim will be read as a claim against the City. *See, e.g., Agresta v. City of Philadelphia*, 694 F.Supp. 117, 119 (E.D.Pa.1988). The court also notes that Bey did not respond to the court's order to serve process on the individual defendants and has not shown cause for his failure to do so. *See* Court's Order of May 22, 1998.

He has not done so with officer "C. Murray." As for the Doe defendants, discovery has been completed, and Bey has not moved to amend his complaint to name these particular defendants. *See Sergio v. Doe,* 769 F.Supp. 164, 168 (E.D.Pa.1991); *Scheetz v. Morning Call, Inc.,* 130 F.R.D. 34, 36–37 (E.D.Pa. 1990). In cases that allow for Doe defendants, other identified defendants have been able to represent the unknown individual defendants' interests. *See, e.g., Bivens v. Six Unknown Named Agents,* 403 U.S. 388, 390 n. 2, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971); *Scheetz v. Morning Call, Inc.,* 747 F.Supp. 1515, 1534 (E.D.Pa.1990). Here, defendant City of Philadelphia, the employer of said unknown defendants, has been identified and has pursued their defenses in this matter. However, to allow for the claims against the unknown defendants to continue while the identified defendant has been dismissed is to ask individuals of whom we have no knowledge to defend a claim of which they have no knowledge. Allowing the Doe defendants to continue in this action would offend basic notions of due process, and the claim against them is dismissed. *See Scheetz,* 747 F.Supp. at 1534.

Bey has alleged a variety of violations of a number of laws and constitutions. *See* Def. Mot. Ex. A. However, he has not demonstrated how any of these many laws or treaties are applicable to his case. Accordingly, summary judgment is entered on these claims as well. An appropriate Order follows.

## ORDER

AND NOW, this 24th day of June, 1998, upon consideration of defendants' Motion for Summary Judgment, it is hereby ORDERED that said motion is GRANTED.