**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2732
_____

IAN RUSSELL,

Appellant

v.

CITY OF PHILADELPHIA;
PHILADELPHIA PRISONS SYSTEM;
PHILADELPHIA INDUSTRIAL CORRECTION CENTER;
MICHAEL NUTTER, MAYOR OF PHILADELPHIA*;
LOUIS GIORLA, COMMISSIONER;
JOYCE ADAMS, WARDEN;
MAJOR KAREN BRYANT, DEPUTY WARDEN


*(Amended pursuant to Fed.R.App.P. 43(c)(2))
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-08-cv-05442)
District Judge: Honorable J. Curtis Joyner
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 11, 2011
Before: SCIRICA, SMITH and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 14, 2011)

_____

OPINION
_____

PER CURIAM

Ian Russell, a Pennsylvania state prisoner proceeding pro se, appeals from an order of the District Court granting summary judgment. We will affirm.

I.

Russell, an inmate at the Philadelphia Industrial Correctional Center ("PICC"), brought a civil rights complaint pursuant to 42 U.S.C. § 1983 against Mayor Michael Nutter; the City of Philadelphia; the Philadelphia Prison System; the PICC; the Commissioner of Prisons, Louis Giorla; the former Warden of the PICC, Joyce Adams; and then-Major Karen Bryant, who is now the Deputy Warden of the PICC. Russell complained that he was removed from his position working in the prison law library in retaliation for complaining about working excessive hours without overtime pay. He further complained that after his removal from the library, he was baselessly suspected of assisting another prisoner's violation of a court order. Russell alleged that as a result of that unfounded suspicion, he was subjected to a strip and cavity search, his cell was searched without probable cause, he was moved to another side of the prison, and he was incorrectly placed in administrative segregation.

Shortly after Russell filed his complaint, Mayor Nutter moved for dismissal of the claim against him and the remaining defendants filed an answer. Russell then petitioned the District Court for leave to amend his complaint. The District Court denied this petition—correctly concluding that it was properly characterized as a response to Mayor Nutter's motion to Dismiss—and granted the Mayor's motion. The remaining defendants

2

later moved for summary judgment. The District Court held that, in light of the evidence submitted, no genuine issues of material fact remained to be tried and accordingly granted the motion for summary judgment. Russell timely appealed.[1]

## II.

We have jurisdiction under 28 U.S.C. § 1291, and our review is plenary. See Howley v. Mellon Fin. Corp., 625 F.3d 788, 792 (3d Cir. 2010) (plenary review of orders granting summary judgment). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c)(2) (We cite to Rule 56 as it appeared before its December 1, 2010 amendment. The amendment has no effect on this appeal); Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010). We may affirm based on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

## III.

Having reviewed the record, we agree with the District Court that there was no genuine issue of material fact and that the defendants were entitled to summary judgment.

As the District Court explained, the PICC and Philadelphia Prison System, departments of the City of Philadelphia itself, were not proper defendants, see 53 Pa. Cons. Stat. § 16257; Bey v. City of Philadelphia, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998),

---

[1] We note that Russell has made no reference in his briefs before this Court to the District Court's order dismissing Mayor Nutter. Accordingly, the issue is not before us. See Kopec v. Tate, 361 F.3d 772, 775 n.5 (3d Cir. 2004).

but Russell could fare no better against the City itself.  Because he did not point to any evidence that a constitutional violation occurred as a result of an approved municipal or governmental custom, the District Court was correct to grant summary judgment as to his claims against the City.  Monell v. New York Dep't of Social Serv., 436 U.S. 658, 690-91 (1978).

As to Russell's claims against the individual defendants, we agree with the District Court that no genuine issue of material fact was presented.   Save for Russell's claim that the strip and cavity search violated his Fourth Amendment rights, his claims against the remaining defendants all fail for essentially the reasons articulated by the District Court.[2]

---

[2] Russell's First Amendment retaliation claim fails because he did not adduce evidence that his punishments were motivated by his speech.  See Eichenlaub v. Twp. of Ind., 385 F.3d 274, 282 (3d Cir. 2004).  He pointed to no evidence undermining the Defendants' voluminous evidence that he would have been punished regardless of his speech as a consequence of his possession of gambling paraphernalia. Russell v. City of Phila., No. 08-cv-5442, 2010 WL 2011593, at *4 (E.D. Pa. May 19, 2010).  Russell's claim of infringement of his right to the free exercise of religion similarly fails, as he offered no indication that the activities in which he was unable to take part while in administrative segregation were required by his sincere religious beliefs or that his brief stay there substantially burdened his exercise of religion.  See United States v. Seeger, 380 U.S. 163, 185 (1965); Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007) (noting that in religious discrimination claims pursuant to the Religious Land Use and Institutionalized Persons Act, the plaintiff bears the burden of persuasion on whether the challenged practice substantially burdens the plaintiff's exercise of religion).

Summary judgment was also properly granted as to Russell's Eighth Amendment claims, as administrative segregation is not per se a violation of the Eighth Amendment and Russell provides no evidence indicating that his confinement differed from the norm. See Griffin v. Vaughn, 112 F.3d 703, 709 (3d Cir. 1997).  The prison's refusal to allow him to prepare his own food was not a constitutional violation.

Russell additionally can not sustain a claim for deprivation of his Fourteenth Amendment Due Process rights. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995) (holding that liberty interests protected by the Due Process Clause are generally limited to freedom from restraint that imposes an atypical and significant hardship on an inmate); Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (holding that a prisoner does not have a

As the District Court correctly noted, Russell's claim of a constitutional violation stemming from the warrantless search of his prison cell fails as a matter of law. "The Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984). The District Court also correctly noted that inmates maintain a reasonable expectation of privacy in their bodies, and an unreasonable search of the body may therefore be unconstitutional. See Bell v. Wolfish, 441 U.S. 520, 558-60 (1979). The District Court, however, concluded that Russell did not demonstrate that any of the individual defendants participated in or personally ordered the strip search. It therefore granted summary judgment, as *respondeat superior* is not a basis for liability in an action pursuant to § 1983. See City of Canton v. Harris, 489 U.S. 378, 385 (1989).

We disagree with the District Court's reasoning. The Defendants submitted the declaration of Defendant Bryant that she ordered the search of Russell's cell. Bryant Decl. at 2, Supp. App'x at 94. The Defendants also submitted the declaration of Sergeant

---

liberty interest in a particular housing location or custody level while under the jurisdiction of correctional authorities); James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989) (stating that the Due Process Clause does not grant prisoners a constitutionally protected liberty or property interest in their prison job assignments). Russell's denial of access to the courts claim fails as it was conclusively demonstrated that he, in fact, filed the materials with which he claimed prison officials interfered. His Equal Protection claim likewise fails because Russell did not rebut the strong presumption of the defendants' actions' validity. See Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (per curiam) (rational basis standard of review applies to "class of one" Equal Protection claims); FCC v. Beach Commc'ns, 508 U.S. 307, 314-15 (1993) (under rational basis standard, plaintiff has burden "to negative every conceivable basis which might support [contested action]"). Finally, Russell's state constitutional claims and negligence claims are not cognizable in a § 1983 action and otherwise lack merit for the reasons given by the District Court.

5

Gloria Roundtree, who oversaw the cell and strip searches. She stated that she was ordered to conduct a search of Ian Russell's cell—referred to as the "Cell Search." Roundtree Decl. at 2, Supp. App'x at 201. She further stated that "the Cell Search began with the strip search." Id. Viewing this evidence in the light most favorable to Russell and drawing all inferences in his favor, as we must, we conclude that a reasonable jury might determine that Defendant Bryant personally ordered the strip search. See Reedy v. Evanson, 615 F.3d 197, 210 (3d Cir. 2010).

Summary judgment was nonetheless appropriate on other grounds. As the Defendants averred in their Answer to Russell's complaint, this claim was not properly exhausted. See Robinson v. Johnson, 313 F.3d 128, 137 (3d Cir. 2002) (holding that affirmative defenses must be pleaded in the answer or "raised at the earliest practicable moment"). The prison has a two-step internal grievance system—the filing of a grievance to be reviewed by the PICC's warden followed, if necessary, by an appeal to the Commissioner of the Philadelphia Prisons. An inmate may forward his grievance directly to the Commissioner if he believes that he is being denied access to the normal procedures. Harvey v. City of Phila., 253 F. Supp. 2d 827, 830 (E.D. Pa. 2003). Although he filed several grievances in the prison taking issue with his prison job assignment and time in administrative segregation, none of Russell's grievances concerned the search of his cell or person. Instead, Russell by-passed the first step of the administrative grievance process and raised this claim in a letter to the Commissioner. As the grievance system was clearly available to him and Russell understood its mechanics, this claim was therefore not properly submitted and therefore not exhausted

as required by the PLRA. 42 U.S.C. § 1997e(a); Jones v. Bock, 549 U.S. 199, 218 (2007) (prison's own requirements define proper exhaustion). Accordingly, the Defendants were entitled to summary judgment on this basis.

IV.

For the foregoing reasons, we shall affirm the judgment of the District Court.